IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLENN CORNWELL, JR., | |
| Petitioner, | No. CIV S-06-0705 DFL GGH P |
| vs. | |
| ROBERT L. AYERS, JR., Warden of the California State Prison at San Quentin, | **DEATH PENALTY CASE** |
| Respondent. | ORDER & FINDINGS & RECOMMENDATIONS |
| _____/ | |

As suggested in Pace v. DiGuglielmo, 544 U.S. 408, 416, 125 S. Ct. 1807 (2005), petitioner filed a "protective petition" in order to forestall a statute of limitations problem in the event the state supreme court might find his pending state habeas filing untimely. In such an event, the state petition would not be considered properly filed for statute of limitations tolling purposes. Id. The filing of the federal petition stops the running of the AEDPA limitations statute wherever that clock happens to be. Petitioner has requested that the protective petition be stayed pursuant to Rhines v. Weber, 544 U.S. 269, 125 S. Ct. 1528 (2005), which held that a mixed federal petition may be stayed while unexhausted claims are exhausted, if the new, unexhausted claims are potentially meritorious (not plainly meritless), good cause exists for their belated presentation, and there is no indication that petitioner engaged in dilatory litigation

1

1 tactics.  See also Jackson v. Roe, 425 F.3d 654, 661-662 (9th Cir. 2005).

2       Up to this point, the issue is fairly straight forward, but factual complexities to be
3 described rob the issue of simplicity.  Petitioner, through his state appointed attorney, has raised
4 new claims in his pending state habeas, i.e., claims not raised on direct review, but petitioner's
5 federal counsel has discovered *additional new claims* which will eventually have to be
6 exhausted.  Pace does not speak directly to a situation where petitioner is proceeding in state and
7 federal court with different counsel.  Respondent is reasonably concerned that if this present
8 mixed federal petition is stayed, the court will have set up the prospect of a double exhaustion
9 scenario.  That is, we will wait for the present state petition to be exhausted, then the additional,
10 new federally stated claims will only then be sent over to the state courts for a second round of
11 exhaustion.  Such dual state exhaustion proceedings are inefficient at best, and offend comity at
12 worst.  The undersigned doubts very much that the state supreme court welcomes successive
13 petitions.

14       Thus, it seems clear that petitioner should be tasked with immediately
15 supplementing his state habeas petition with his latest claims, or at least attempting to do so, in
16 order that the state supreme court can adjudicate the habeas claims once and finally.  The
17 undersigned finds that the potential efficiencies constitute good cause for staying the federal
18 petition, and that there is no indication in the present record that petitioner is attempting to game
19 the system in order to create delay.  The new claims have been discovered by newly appointed
20 federal counsel at the inception of the case.  Petitioner will assert that this is the reason we
21 appoint federal counsel – to take a thorough look into the record and extra-record facts to
22 ascertain any reasonable claims which may have been missed.  At this inception of the federal
23 habeas case, the Ninth Circuit would look with disfavor on any harsh application of the good
24 cause requirement which dismisses the ability to review such claims on their merits in a capital
25 habeas case.  With respect to the potential merit of the new claims, the context of a capital case
26 precludes any present in-depth look into such claims.  Petitioner will claim that investigation,

discovery, and/or briefing will need to be performed before such an analysis can be completed – even on a tentative basis.  By that time, the present state petition will in all likelihood have been adjudicated, and the hoped for efficiency of presenting all claims in one state habeas petition will have evaporated.  In any event, respondent does not point to any of the newly added claims as being plainly meritless.

*Conclusion*

Accordingly, IT IS HEREBY ORDERED that:

1. No later than twenty days from the filed date of this order, petitioner is ordered to present *all* newly added claims, i.e., claims which respondent could reasonably dispute as to their exhausted status, forthwith to the state supreme court.  The claims may be presented through present state habeas counsel in a supplemental petition (preferred method), or if necessary, in a filing by federal counsel seeking permission to intervene and add such new claims in a supplemental state petition.  Any filing shall include a copy of this Findings and Recommendations and Order.

2. The undersigned stays any budgeting of this case until exhaustion is completed.[1]

This order is not stayed by the mere seeking of reconsideration of the order before the district judge.

The undersigned RECOMMENDS that the federal mixed petition be stayed until such time that exhaustion is completed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned

---

[1] "Completed" as used in this order includes a refusal of the state supreme court to review the newly added claims in a supplemental petition.

"Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: 3/26/07

/s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
U.S. MAGISTRATE JUDGE

GGH:gh:035
corn0705.f&r