IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GLENN CORNWELL, JR.,

    Petitioner,                  No. 2:06-cv-00705 JAM KJN

  vs.                             DEATH PENALTY CASE

WARDEN,
 San Quentin State Prison,

    Respondent.               <u>ORDER</u>

                              /

        Respondent requests the court defer ruling on the procedural default issues raised in his May 17, 2011 Motion to Dismiss. (Dkt. No. 79.) Respondent seeks to address only the exhaustion and statute of limitations issues in his reply brief due October 7, 2011. Respondent states that petitioner's counsel does not oppose this request.

        Petitioner's 129-page opposition to the motion to dismiss focuses largely on procedural default issues. (Dkt. No. 76.) As respondent points out, litigation of procedural default is likely to be time-consuming, in part because it may involve reaching the substance of many of petitioner's claims to resolve exceptions to the procedural default rule for cause and prejudice or a miscarriage of justice. In fact, in his opposition to the motion to dismiss, petitioner

////

also requests deferral of a ruling on the miscarriage of justice issues until the merits are resolved. (Dkt. No. 76 at 49-50.)

This court agrees that efficient resolution of the petition is best served by waiting to resolve procedural default issues.  Accordingly, and good cause appearing, IT IS HEREBY ORDERED as follows:

1.  Respondent's September 29, 2011 Request for Deferred Ruling on Procedural Default is granted.  Respondent's reply brief shall address only the issues of exhaustion and statute of limitations.

2.  On October 20, 2011, at 10:00 a.m., in courtroom #25, the undersigned will hear argument on the exhaustion and statute of limitations issues and hold a scheduling conference.

3.  Prior to October 17, 2011, the parties shall meet and confer regarding a proposed schedule of events for addressing upcoming issues, including resolution of the section 2254(d) standards, resolution of procedural default issues, any motions for discovery, any motion for an evidentiary hearing, and the merits of petitioner's claims.  By the close of business on October 17, 2011, the parties shall file a joint statement describing any agreements regarding scheduling these proceedings. Whether or not the parties agree that the section 2254(d) issues shall be addressed next, they shall propose a briefing schedule for doing so. If the parties are unable to agree on a schedule, they shall also file separate statements setting out their positions on scheduling, with specific reference to the effect of Cullen v. Pinholster, 131 S. Ct. 1388 (2011), on all aspects of this proceeding.

DATED:  October 3, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

cornwell mtd arg.or