IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GLENN CORNWELL, JR.,

    Petitioner,               No. 2:06-cv-00705 JAM KJN

    vs.                            DEATH PENALTY CASE

WARDEN,
 San Quentin State Prison,

                                   FINDINGS & RECOMMENDATIONS

    Respondent.

_____/

    Respondent's motion to dismiss came on for hearing October 20, 2011, before the undersigned. Tami Krenzin appeared for respondent. Richard Ellis appeared by telephone for petitioner. After considering the parties' briefs and the arguments of counsel, and good cause appearing, the court recommends respondent's motion be granted in part, denied in part, and deferred in part for the reasons set forth below.[1]

////

---

[1] The parties also briefly discussed scheduling. On October 13, 2011, the parties filed a joint statement in which they stipulated that after resolution of the exhaustion and statute of limitations issues, the next step should be briefing the application of 28 U.S.C. § 2254(d) to the claims in the petition. (Dkt. No. 82.) After the district court issues its order on these findings and recommendations, this court will set a briefing schedule along the lines proposed by the parties in their joint statement.

1

BACKGROUND

In 2005, the California Supreme Court affirmed petitioner's conviction and sentence on appeal. People v. Cornwell, 37 Cal. 4th 50. The United States Supreme Court denied certiorari review on February 27, 2006. Cornwell v. California, 546 U.S. 1216.

In July 2004, while the state appeal was pending, petitioner filed his first state habeas petition, California Supreme Court ##S126032. (Lodged Document ("LD") 10.[2]) The California Supreme Court denied that petition on June 24, 2009. (LD 18; Ex. 1 to Pet'r's Oppo. (Dkt. No. 76-1).) The court denied all claims on the merits and also denied some on various procedural grounds. (Id.)

Petitioner filed a first petition in this court on February 22, 2007. (Dkt. No. 15.) Because the state proceeding was pending, this case was stayed. (Dkt. No. 22.)

Petitioner filed what he refers to as a "supplemental" state petition on May 7, 2007. (LD 19.) However, the California Supreme Court specifically denied him the right to supplement the existing state petition. (Dkt. No. 76-1 at 6.) Instead, that court considered the "supplemental" state petition to be a "new original habeas corpus petition" and assigned it a separate case number, #S152880. (Id.) The California Supreme Court denied state petition #S152880 on February 10, 2010. (LD 23.) The court denied all claims on the merits and also denied most, but not all, of the claims on various procedural grounds. (Id.)

Petitioner filed an amended federal petition on February 8, 2011. (Dkt. No. 52.)

On May 17, respondent filed the present motion to dismiss. (Dkt. No. 68.) Respondent argues fourteen claims or subclaims are procedurally barred, five are barred by the statute of limitations, and twelve are unexhausted. On August 8, petitioner filed a lengthy opposition. (Dkt. No. 76.) The opposition focuses primarily on procedural default. On October 4, this court granted respondent's unopposed request to defer litigation of the procedural default

---

[2] On April 19, 2010, respondent lodged the state court record herein.

issues. (Dkt. No. 80.) On October 5, respondent filed a reply brief which addresses only the exhaustion and statute of limitations issues. (Dkt. No. 81.)

MOTION TO DISMISS

I. Statute of Limitations

A federal habeas petitioner has one year from the date his state petition becomes final to file a federal petition. 28 U.S.C. § 2244(d)(1)(A). The statute tolls the limitation period during state habeas proceedings:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §2244(d)(2). In addition to statutory tolling, the limitations period is subject to equitable tolling where the petitioner can demonstrate diligence in pursuing his rights and "that some extraordinary circumstances stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Finally, claims in an amended petition may survive the limitations period if they "relate back" to claims in a timely-filed federal petition. Mayle v. Felix, 545 U.S. 644, 649-50 (2005).

Respondent argues claims 2(b), (f), (i), (l), and 21(J) of the amended petition are barred because they were not raised in the original, timely federal petition. As explained below, this court finds petitioner's state court petitions tolled the limitations period and the amended petition was filed in federal court in a timely manner.

Petitioner's state judgment became final when the United States Supreme Court denied his certiorari petition on February 27, 2006. See Griffith v. Kentucky, 479 U.S. 314, 321 n.6 (1987). Respondent argues that the statute of limitations therefore began to run on February 28, 2006, and petitioner's first petition, filed here on February 22, 2007, is within the limitations period, but his amended petition filed February 8, 2010 is not. Respondent further contends that statutory tolling is not appropriate for claims 2(i), 2(l), and 21(J) because they were not raised in the state petitions.

1      The California Supreme Court denied petitioner's first state habeas petition on
2 June 24, 2009.  It denied his second state habeas petition on February 10, 2010.  Petitioner filed
3 his amended petition here on February 8, 2011.  Because February 8, 2011, is more than one year
4 after the June 24, 2009 denial of the first state habeas petition, petitioner's amended federal
5 petition is only timely if both state habeas petitions toll the limitations period.

6      Contrary to respondent's position, the statutory tolling provision applies to
7 petitions, rather than to individual claims.  The statute states that the limitations period is tolled
8 for a "properly filed application" regarding the "pertinent judgment or claim."  In Campbell v.
9 Henry, 614 F.3d 1056, 1061 (9th Cir. 2010), the Ninth Circuit Court of Appeals rejected the
10 state's argument that the statute of limitations is tolled only with respect to the properly filed
11 claims in the state petition.  The court held that the state court's finding that one of the
12 petitioner's twenty-three claims was timely thereby tolled the limitations period for any federal
13 claims regarding that conviction or sentence.  In fact, the state petition need not include any of
14 the claims later made in federal court to toll the limitations period under section 2244(d)(2).
15 Campbell, 614 F.3d at 1061 (citing Tillema v. Long, 253 F.3d 494, 499 (9th Cir. 2001)).

16      Respondent cites one case in support of his argument that tolling applies to
17 individual claims, rather than to the petition as a whole, Bonner v. Carey, 425 F.3d 1145 (9th Cir.
18 2005), amended, 439 F.3d 993 (9th Cir. 2006).  However, the state court in that case had denied
19 all claims in the petitioner's state petition as untimely.  Bonner, 425 F.3d at 1146.  The court in
20 Bonner did not address the issue raised in Campbell - whether one properly filed claim in a state
21 petition renders the petition as a whole "properly filed" for purposes of statutory tolling under
22 section 2244(d)(2).

23      In the present case, all claims in the first state petition were denied on the merits
24 and only a few of the claims were denied on procedural grounds. (LD 18.)  Therefore, under
25 Campbell, the first state petition tolls the statute.  The California Supreme Court denied all
26 claims in the second state petition on the merits and also denied many claims on procedural

grounds. (LD 23.) It does not appear that the court denied claims 12, 13, 14, and 15 on procedural grounds.[3] This court looks to state law to determine whether a pleading has been "properly filed." Pace, 544 U.S. at 413-14. There is no indication the California Supreme Court believed that claims 12, 13, 14, and 15 were not properly filed. Under Campbell and Tillema, these claims should cause the second state petition to be considered "properly filed" and it should toll the limitations period.

Because petitioner filed his amended petition within one year of the California Supreme Court's denial of his second state habeas petition, it is deemed timely filed.[4]

II. Exhaustion

Generally, a state prisoner must exhaust all available state court remedies either on direct appeal or through collateral proceedings before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1). A state prisoner satisfies the exhaustion requirement by "'fully and fairly presenting each claim to the highest state court.'" Greenway v. Schriro, 653 F.3d 790, 801 (9th Cir. 2011) (quoting Scott v. Schriro, 567 F.3d 573, 582 (9th Cir. 2009)). "Full and fair presentation requires the petitioner to provide the factual and legal basis for the claim to the state court." Id. Petitioner bears the burden of proving his claims are exhausted. Parker v. Kelchner, 429 F.3d 58, 62 (3rd Cir. 2005).

Respondent argues claims 2(g)-(n) and 21(C), (E), and (J) were not raised in state court. He also argues claim 19, which challenges California's lethal injection procedures, is not exhausted because the California Supreme Court denied it as premature. For the reasons set forth below and addressed more fully at the hearing on this motion, this court finds claims 2(g)-(n),

---

[3] The California Supreme Court's order does not identify these claims as being denied on procedural grounds. (LD 23.) Additionally, in his motion to dismiss, respondent does not allege that they are procedurally defaulted. (Dkt. Nos. 68, 81.)

[4] Because the amended petition was timely filed, this court need not consider whether or not the new claims in the amended petition relate back to claims in the first federal petition.

21(E), and some aspects of claim 21(J) are not exhausted.[5]

With respect to claims 2(g)-(n), petitioner conceded both in his brief and at argument that he did not raise claims 2(g)-(n) in the state petition and they are therefore unexhausted. (Dkt. No. 76 at 10-12, 65.) With respect to claim 19, petitioner argues that it should be considered exhausted because he fully and fairly raised it in state court. However, the California Supreme Court did not deny claim 19 on the merits. The court denied the claim as premature and told petitioner he may raise it when an execution date is set and the claim is ripe. (Dkt. No. 76-1.) Under the habeas statute, a claim is unexhausted if a petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). Accordingly, this court should find claim 19 unexhausted. See Martinez-Villareal v. Stewart, 118 F.3d 628, 633 (9th Cir. 1997), aff'd, 523 U.S. 637 (1998). Petitioner should be permitted to raise this claim in federal court after it becomes ripe and, if and when, the state court has denied it.

With respect to claim 21(c), petitioner did raise the allegations contained therein in state court. Claim 21(c) alleges that the California death penalty scheme is unconstitutional because it does not require that the jury unanimously find specific aggravating circumstances exist. (Dkt. No. 52 at 365.) In claims 11 and 13 of the second state petition and in claim 16 of the appeal, petitioner argued California's sentencing scheme violates the Fifth, Sixth, Eighth and Fourteenth Amendments because, among other things, it "does not require jury unanimity in determining the aggravation factors." (LD 20 at 42, 46, 49-63; LD 1 at 175.) Because petitioner raised the factual and legal grounds underlying claim 21(c) in state court, it should be deemed exhausted.

In claim 21(E), petitioner argues that the terms "extreme" and "substantial" used

---

[5] If the district court agrees that some claims are unexhausted, petitioner will be given an opportunity to alternatively seek dismissal of the petition, amendment to remove the unexhausted claims, or a stay for exhaustion under Rhines v. Weber, 544 U.S. 269, 273 (2005).

to define mitigating circumstances under California Penal Code § 190.3(d) and (g) are vague. (Dkt. No. 52 at 368.)  In claim 21(J), petitioner argues that the California Supreme Court failed to conduct a constitutionally adequate review of his capital sentence.  (Dkt. No. 52 at 384.)  Petitioner has not pointed to specific portions of the state court pleadings that contain these allegations.  In fact, at the hearing, petitioner conceded that the vagueness allegations of claim 21(E) were not made in state court.  Petitioner argues, however, that claim 21 should not be considered to contain separate subclaims, but should be considered as one "holistic" claim challenging the California death penalty scheme.  Petitioner cites no authority for the proposition that his assertion that California's death penalty scheme is unconstitutional should cover all possible arguments in support of that assertion for purposes of the exhaustion doctrine.

In actuality, petitioner's claim 21(E) is a separate claim.  It's factual basis – that the terms "extreme" and "substantial" used to define mitigating circumstances are vague – is distinct from the factual bases for the other subclaims of claim 21.  Further, claim 21(E) relies upon specific law regarding vagueness in sentencing statutes.  (Dkt. No. 52 at 368-69.)  Petitioner's argument that his general claims regarding the unconstitutionality of California's death penalty scheme fairly presented claim 21(E) to the state court is not well taken.  Taken to its logical extreme, petitioner's argument means any challenge to California's death penalty scheme has been exhausted.  Claim 21(E) should be deemed unexhausted.

Petitioner argues claim 21(J) is different because it is nothing more than a summary of the other aspects of claim 21.  That does not appear to be the case.  In claim 21(J), petitioner alleges, among other things, that the California Supreme Court does not appropriately review claims by failing to conduct harmless error review using federal constitutional standards. (Dkt. No. 52 at 385.)   Petitioner argues that this claim is "simply a summary of the constituent parts and is included in various form[s]" in a number of claims in the appeal and both habeas petitions.  (Dkt. No. 76 at 25.)  While those other claims are incorporated into claim 21(J) because of the allegation that the California Supreme Court did not appropriately consider them,

it does not appear that those other claims specifically mention the issues raised herein which involve the California Supreme Court's harmless error review and procedures. To the extent the allegations set forth in subsection (J) of claim 21 summarize the specific allegations made elsewhere in the exhausted portions of claim 21, they are exhausted. However, to the extent petitioner makes new, specific factual allegations in subsection (J), these allegations are unexhausted.

CONCLUSION

For the foregoing reasons, the court finds and recommends that respondent's May 17, 2011 motion to dismiss be granted in part, denied in part, and deferred in part as follows:

1. Petitioner's amended federal petition, filed here on February 8, 2011, should be found timely under 28 U.S.C. § 2254(d).

2. Petitioner's claims 2(g)-(n) and 21(E) should be deemed unexhausted.

3. Petitioner's claim 21(C) should be deemed exhausted.

4. To the extent petitioner makes new factual allegations regarding the California Supreme Court's consideration of capital cases in subsection (J) of claim 21, which are not contained in the exhausted portions of claim 21, those new factual allegations constitute an unexhausted claim.

5. To the extent allegations in subsection (J) of claim 21 summarize factual allegations contained in the exhausted portions of claim 21, those allegations are exhausted.

6. The court should defer a ruling on the procedural default aspects of respondent's May 11 motion to dismiss until resolution of the 28 U.S.C. § 2254(d) issues, as stipulated by the parties in the October 13, 2011 Joint Statement. (Dkt. No. 82.)

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

1  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the
2  objections shall be filed and served within 14 days after service of the objections.  The parties are
3  advised that failure to file objections within the specified time may waive the right to appeal the
4  District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
5  DATED: October 24, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

9  cornwell mtd.or