IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GLENN CORNWELL, Jr.,**<br><br>                    Petitioner,<br><br>    v.<br><br>**WARDEN, SAN QUENTIN STATE PRISON,**<br><br>                    Respondent. | Case No. 2:06-cv-0705 TLN KJN (DP)<br><br>**DEATH PENALTY CASE**<br><br><br>**ORDER** |

      Petitioner is a state prisoner under sentence of death. On March 19, 2019, the district court adopted the findings and recommendations on the application of 28 U.S.C. § 2254(d) to claims in the amended petition, and referred this matter back to the undersigned for further proceedings.

      Following review of the record, including the parties' last joint statement, it appears that resolution of the § 2254(d) issues may have obviated at least some of the procedural default issues earlier raised and reserved by respondent. (ECF Nos. 68, 82.) Accordingly, rather than set a scheduling conference at this time, the parties are directed to file a joint status report addressing their views on how this case should proceed, including whether respondent plans to withdraw any procedural default challenges at this time.[1] The court reiterates its view that "litigation of

---

[1] As stipulated by the parties (ECF No. 82), the court deferred ruling on the procedural default aspects of respondent's May 11 motion to dismiss until resolution of the 28 U.S.C. § 2254 issues. (ECF No. 85 at 2.)

procedural default . . . may involve reaching the substance of many of petitioner's claims to resolve exceptions to the procedural default rule for cause and prejudice or a miscarriage of justice." (ECF No. 80 at 1.) On the other hand, petitioner shall indicate, if he knows, whether he intends to seek discovery as to any such remaining claims, and whether or not he can identify any claim on which he will seek an evidentiary hearing, or whether such decision can be made only after discovery is completed. Additionally, the parties should set forth a proposed schedule along with how the case should next proceed. Finally, the parties should address what impact, if any, the current governor's moratorium on executions has on the instant action.

Accordingly, IT IS HEREBY ORDERED that on or before September 1, 2019, the parties shall file a joint status report as set forth above.

Dated: March 21, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/corn0705.fb