UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLENN CORNWELL, JR.,<br><br>           Petitioner,<br><br>     v.<br><br>WARDEN, San Quentin State Prison,<br><br>           Respondent. | No.  2:06-cv-00705 TLN KJN<br><br>**DEATH PENALTY CASE**<br><br>ORDER RE RESPONDENT'S MOTION FOR ORDER TO PRODUCE TRIAL COUNSEL'S DEFENSE FILE (Doc. 134) |

Following this court's prior consideration and decision concerning petitioner's 28 U.S.C. § 2254(d) claims, and specifically concerning petitioner's claims 3 and 34, respondent seeks an order of this court directing petitioner's trial counsel to produce his defense file to respondent's counsel. Following consideration of the motion and related pleadings, the undersigned finds respondent's request should be limited by its purpose, as explained below, but otherwise granted.

I.      Relevant Specific Background

On February 15, 2018, the undersigned issued Findings and Recommendations wherein it was recommended, in relevant part, the court find petitioner's claim 3 satisfied the requirements of § 2254(d), and that consideration of claim 34 be deferred until consideration of any procedural default issues. (Doc. 119.) Ultimately, on March 19, 2019, the Findings and Recommendations were adopted in full by the district judge. (Doc. 129.)

////

1

Thereafter, in a joint status report of September 3, 2019, the parties specifically addressed the issue of discovery concerning claims 3 and 34. (Doc. 131.) Petitioner advised he intended to "seek discovery as to all sub-claims of Claims 3 and Claim 34" and respondent "anticipate[d] seeking an order . . . to obtain trial counsel's defense file." (Id. at 2-3.)[1]

Following the undersigned's order concerning the deadlines applicable to the discovery (Doc. 133), respondent filed the Motion for Order to Produce Trial Counsel's File. (Doc. 134.) Petitioner opposed the motion (Doc. 135) and respondent replied thereto (Doc. 137).

At this juncture then, discovery is being conducted prior to this court's consideration of the procedural bars asserted by respondent concerning claims 3 and 34 and prior to any evidentiary hearing on those same claims sought by petitioner.

II.     Legal Standards

Parties in a habeas proceeding are not entitled to discovery as a matter of course. Bracy v. Gramley, 520 U.S. 899, 904 (1997). Rather, "[a] party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure, if and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise." Rule 6, Rules Governing § 2254 Cases. Good cause is shown by the presentation of "specific allegations" demonstrating the need for the discovery. Bracy, 520 U.S. at 908-09 (quoting Harris v. Nelson, 394 U.S. 286, 300 (1969)). The Ninth Circuit has held that discovery is proper where essential to resolution of a claim. Pham v. Terhune, 400 F.3d 740, 743 (9th Cir. 2005); Jones v. Wood, 114 F.3d 1002, 1009 (9th Cir. 1997).

"[D]iscovery is available . . . at the discretion of the district court judge for good cause shown, regardless of whether there is to be an evidentiary hearing." Jones v. Wood, 114 F.3d at 1009. "A district court in a habeas proceeding 'need not conduct full evidentiary hearings,' but may instead 'expand the record . . . with discovery and documentary evidence.'" Williams v.

---

[1] In the joint status report, respondent indicated the "procedural default challenges are limited to Claim 3(e), whether trial counsel unreasonably failed to rebut the prosecutor's argument that because Mr. Cornwell was not insane at the time of the 1983 and 1992 crimes, there was no mitigation and Claim 34, ineffective assistance of state habeas counsel." (Doc. 131 at 2.) And petitioner indicated he would be seeking "an evidentiary hearing on Claim 3" following the "completion of the discovery process …." (Doc. 131 at 3.)

2

Woodford, 384 F.3d 567, 590 (9th Cir. 2004) (quoting Watts v. United States, 841 F.2d 275, 277 (9th Cir. 1988) (per curiam)). "It may . . . be perfectly appropriate, depending upon the nature of the allegations, for the district court to proceed by requiring that the record be expanded to include letters, documentary evidence, and . . . even affidavits." Phillips v. Ornoski, 673 F.3d 1168, 1179 (9th Cir. 2012) as amended on denial of reh'g and reh'g en banc (May 25, 2012) (quoting Raines v. United States, 423 F.2d 526, 529-30 (4th Cir. 1970)). The scope and extent of the discovery permitted under Rule 6(a) is a matter confined to the discretion of the district court. See Bracy, 520 U.S. at 909; see also McDowell v. Calderon, 197 F.3d 1253, 1255-56 (9th Cir. 1999) (en banc) (finding the district court's imposition of a protective order limiting the use of discovered materials should be upheld as not an abuse of discretion).

In Bittaker v. Woodford, 331 F.3d 715 (9th Cir. 2003) (en banc), the Ninth Circuit Court of Appeals held that a habeas corpus petitioner who raises an ineffective assistance of counsel claim impliedly waives the attorney-client privilege. Id. at 716, 718-20. However, the privilege is waived only "to the extent necessary to give [respondent] a fair opportunity to defend against [the claim]." Id. at 720. Thus, in such cases a court should impose a waiver "no broader than needed to ensure the fairness of the proceedings before it." Id. Further, discovery of attorney-client communications requires a narrowly drawn protective order. Id. at 720-25. To avoid waiver, a petitioner may abandon his claim. Id. at 721, 723.

Following Bittaker, courts have typically issued protective orders that "restrict the identity of those working for the state who may have access to the documents and prohibit the use of the documents on any retrial should the petitioner be successful on habeas." Ervine v. Warden, 214 F.Supp.3d 917, 920 (E.D. Cal. 2016).

III. Discussion

*The Parties' Pleadings*

Respondent requests the court order petitioner[2] to produce "the trial defense file" to respondent within the time designated by the court. Respondent claims production by order is

---

[2] Respondent advised he is informed and believes counsel for petitioner in these proceedings is in possession of the defense trial counsel files.

3

necessary in order to defend against petitioner's claims because, where petitioner is challenging the effectiveness of counsel's representation during the penalty phase of the trial for a failure to present mitigating evidence of petitioner's family background and mental illness, "all information normally contained in trial files is relevant and necessary." Respondent states that information may include, but not be limited to, petitioner's "statements about his family background and mental illness, counsel's investigation, and counsel's trial strategy," as well as "relevant present sense impressions of the strengths and weaknesses of various defense strategies" and records of "conversations between counsel and [p]etitioner regarding trial strategy." (Doc. 134.)

In opposing the motion, petitioner complains the request "is overly broad, irrelevant, not likely to lead to relevant information, and/or is without persuasive authority." Petitioner contends respondent has not demonstrated good cause and thus the request should be "entirely" denied, or alternatively, limited to those lacking a demonstrable showing of good cause. Petitioner also argues that certain materials pertaining to his family background and mental health "may be protected from disclosure by the psychotherapist-patient privilege …." (Doc. 135.)[3]

In reply to petitioner's opposition, respondent reasserts the materials sought are indeed relevant where petitioner "cannot prevail on his claim unless he shows that all fairminded jurists would agree there was no acceptable reason for what counsel did" and that waiver of the attorney-client privilege in these circumstances "is clear." Respondent maintains this court should order petitioner "to produce trial counsel's defense file to [r]espondent or withdraw his ineffective assistance claim." (Doc. 137.)

*Findings*

Respondent's motion is a request for everything in defense trial counsel's files. Yet, discovery is being conducted as to petitioner's claims 3 and 34, specifically concerning allegations of ineffective assistance at the penalty phase. To the degree defense counsel's files contain material relevant *only* to the guilt phase and are unrelated to any claim of ineffective

---

[3] To the degree petitioner argues that if discovery is permitted and disclosure of defense trial counsel's file is required "it should be reciprocal and result in disclosure of the government's files," referring to his separate motion for discovery, petitioner is advised his requests will be duly considered and separately addressed.

assistance of counsel in the penalty phase, disclosure is not appropriate. Harris v. Nelson, 394 U.S. 286, 297 (1969) (holding that broad-ranging inquiry is neither necessary nor appropriate in the context of a habeas corpus proceeding). Hence, limitations will be imposed in accord with the subject of the claims at issue in discovery.

To entirely deny respondent's request herein where the undersigned has previously found petitioner presented a prima facie case to the California Supreme Court of a claim of ineffective assistance of counsel during the penalty phase would amount to an abuse of discretion for it would be unfair to ask respondent to defend against petitioner's claim in the absence of materials that may be relevant to the ultimate determination. Jones, 114 F.3d at 1009 ("a court's denial of discovery is an abuse of discretion if discovery is indispensable to a fair, rounded, development of the material facts") (quoting Toney v. Gammon, 79 F.3d 693, 700 (8th Cir. 1996) (internal quotation marks omitted)).

In the Findings and Recommendations regarding claim 3, and the deficiency prong of the ineffective assistance of counsel claim, the undersigned found petitioner "made a prima facie showing that counsel acted unreasonably in preparing for the penalty phase and in presenting evidence at the penalty phase. To the extent the California Supreme Court found otherwise, it did so unreasonably." (Doc. 119 at 93.) As for the prejudice prong, the undersigned concluded: "Petitioner need not prove his claim at this point. He only needed to show the California Supreme Court that there was a reasonable likelihood he could succeed on this claim when the evidence was fleshed out. And the state court was required to consider the evidence proffered in the light most favorable to petitioner in making its determination. Under those standards, this court cannot understand how the California Supreme Court could have determined petitioner failed to make a prima facie showing of prejudice. This court finds petitioner has satisfied 28 U.S.C. § 2254(d) for claim 3." (Doc. 119 at 96.)

Respondent submitted objections to the Findings and Recommendations specifically as to claim 3. Respondent argued a fairminded jurist could have concluded that where petitioner "affirmatively misled counsel" about his family background, representing he had a "happy family life," further investigation "would have been a waste of limited investigate resources." (Doc. 127

at 4.) Respondent cited counsel's interviews of petitioner's family members and the information provided by those family members, noting "family members did not describe the family background that [he] now details, thus giving counsel no reason to further investigate" his family life. (Doc. 127 at 5.) As for mental health in particular, respondent notes trial counsel retained a psychologist and obtained related records; the expert determined that petitioner suffered from "bipolar disorder, had mild brain damage, and had learning disabilities, but had not been on any medications since 1987, and was functioning normally," revealing no mental condition. Respondent objected to the findings for faulting defense counsel "for not obtaining more records and more experts," but argued the "Supreme Court has never required counsel to obtain more than one expert," that counsel has no duty to second-guess an expert's conclusions, and has no duty to "uncover every available record," arguing "because one could agree that counsel did a reasonably substantial investigation" concerning petitioner's background. (Doc. 127 at 7.) Respondent further objected concerning strategy, arguing a fairminded jurist could agree that counsel's penalty phase strategy was reasonable. (Doc. 127 at 7-9.) Lastly, respondent objected to the findings on this claim with regard to prejudice, stating "a fairminded jurist could agree that [p]etitioner has not shown a reasonable probability that a mitigation case built on the post-conviction information his habeas counsel obtained would have avoided the death penalty," citing record evidence in support of his position. (Doc. 127 at 9-12.) Respondent concluded his objections by asserting a fairminded jurist could agree that petitioner had not met his applicable burden and that the court should "reject the Findings and Recommendations and deny habeas relief on this claim." (Doc. 127 12-13.)

Despite respondent's objection to the findings as they related to claim 3, the district court adopted them in full, and referred the matter back to the undersigned for further proceedings. (Doc. 129.)

On March 21, 2019, the undersigned issued an order directing the parties to file a joint status report, noting that procedural default determinations remain to be made as asserted in respondent's motion to dismiss (including claims 3 and 34). (Doc. 68.)

////

1        In the joint status report, respondent indicated the "procedural default challenges are limited to Claim 3(e), whether trial counsel unreasonably failed to rebut the prosecutor's argument that because Mr. Cornwell was not insane at the time of the 1983 and 1992 crimes, there was no mitigation[,] and Claim 34, ineffective assistance of state habeas counsel." (Doc. 131 at 2.) And petitioner indicated he would be seeking "discovery as to all sub-claims of Claims 3 and 34." (Doc. 131 at 2.) Petitioner further indicated he would be seeking "an evidentiary hearing on Claim 3" following the "completion of the discovery process …." (Doc. 131 at 3.)

        Petitioner opposes respondent's motion as "vague, over-broad and ambiguous" and therefore argues it is incompatible with "the dictates of Habeas Rule 6 …." Petitioner argues respondent's request "seeks to construct a post-hoc rationalization of trial counsel's indisputable failure to conduct an adequate investigation at the penalty phase of the trial," and that respondent's request, including petitioner's statements, present sense impressions of defense strategies and conversations between defense trial counsel and petitioner are disfavored because reviewing courts should not second guess strategic decisions nor construct strategic defenses which counsel did not offer. (Doc. 135 at 3-5.)

        Given the nature of petitioner's allegations in claims 3 and 34, and the procedural posture of the case at present, it is appropriate to permit disclosure of the requested files as limited herein. Phillips v. Ornoski, 673 F.3d at 1179; Pham v. Terhune, 400 F.3d at 743; Bittaker, 331 F.3d at 720.

        In the same way a petitioner seeking discovery pursuant to Rule 6 is not required to demonstrate that he will ultimately prevail on the underlying claim, respondent need not demonstrate he will ultimately prevail in defense of petitioner's underlying claim. See, e.g., Bracy, 520 U.S. at 909 ("It may well be, as the Court of Appeals predicted, that petitioner will be unable to obtain evidence sufficient to support a finding of actual judicial bias in the trial of his case, but we hold that he has made a sufficient showing . . . to establish 'good cause' for discovery"); Pham v. Terhune, 400 F.3d at 743.

        By limiting the disclosure of materials from defense trial counsel files to documentation speaking to the issue of defense counsel's representation of petitioner during the *penalty phase*,

7

including any and all investigative efforts concerning same, and including but not limited to any "statements [by petitioner] about his family background and mental illness, counsel's investigation, and counsel's" *penalty phase* strategy, as well as "relevant present sense impressions of the strengths and weaknesses of various defense strategies" and records of "conversations between counsel and [p]etitioner" regarding *penalty phase* strategy, fairness is afforded both parties. Bracy, 520 U.S. at 909.

Petitioner has waived the attorney-client privilege by raising claims of ineffective assistance of counsel. Bittaker, 331 F.3d at 718-720. That is also true of the work product privilege. Bittaker, 331 F.3d at 721 n.6 ("Although our decision is couched in terms of the attorney-client privilege, it applies equally to the work product privilege, a complementary rule that protects many of the same interests") (citing Upjohn Co. v. United States, 449 U.S. 383, 400 (1981)). And, In Alvarez v. Woodford, 81 Fed. Appx. 119 (2003), the Ninth Circuit stated that the same concerns giving rise to waiver of the attorney-client privilege and work product protections at issue in Bittaker, foreclosed Alvarez's "argument that the documents are protected by the psychotherapist-patient privilege. To allow Alvarez to at once claim that his mental state was not properly investigated and presented by counsel and also claim that the government is barred from accessing information about his mental state is simply inequitable." Id. at 120.

Petitioner asserts the information in defense trial counsel's files is not relevant because the focus of the claims is "on what was not presented at the penalty phase of the trial, compared to what could have been presented . . . ." (Doc. 135 at 8.) Nevertheless, despite the earlier finding that petitioner established a prima facie case for relief in the California Supreme Court, materials relevant to petitioner's family history, mental health or illness, and strategies specific to the penalty phase could be relevant to the defense of the claim moving forward.

In sum, the undersigned finds respondent has good cause to obtain information from defense trial counsel files concerning the penalty phase because that information may prove essential in defense of petitioner's claims concerning ineffective assistance of counsel.

//
//

CONCLUSION AND ORDER

For the foregoing reasons, IT IS HEREBY ORDERED as follows:

1. Respondent's Motion for Order to Produce Trial Counsel's File (Doc. 134) is granted in part. Within thirty days of the date of this order, petitioner shall produce trial defense counsel's file or files, as limited in this order, to respondent.

2. Subject to the protective order issued below, the court declares a waiver of petitioner's attorney-client privilege, work product privilege and psychotherapist-patient privilege with respect to his ineffective assistance of counsel claims, as specifically asserted in claims 3 and 34.

3. For purposes of the habeas corpus litigation in this matter, all privileged communications or materials obtained by the State of California from trial defense counsel's files for purposes of responding to petitioner's claims of ineffective assistance of counsel, as described in claims 3 and 34, shall be deemed confidential. Until such time as this court may order otherwise, these communications or materials may be used only by representatives of the Office of the California Attorney General, and persons working under their direct supervision, and only for purposes of litigating claims 3 and 34 as presented in the petition for writ of habeas corpus pending before this court.

   Disclosure of the contents of the communications or materials themselves may not be made to other persons or agencies, including any other law enforcement or prosecutorial personnel or agencies, without an order from this court. The order extends to respondent and all persons acting on behalf of respondent in this proceeding, including but not limited to persons employed by the Office of the California Attorney General, persons working on this matter who are employed by California governmental divisions other than the Attorney General, persons retained by respondent for any investigative or consulting work on this matter, and any expert consultants or witnesses assisting respondent.

   This order shall continue in effect after the conclusion of the habeas corpus

proceedings and specifically shall apply in the event of retrial of all or any portion of petitioner's criminal case, except that either party maintains the right to request modification or vacation of this order by way of a noticed motion.

Dated: February 8, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE