1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   **GLENN CORNWELL, Jr.**,                    No.  2:06-cv-0705 TLN CSK DP

12            Petitioner,                        **DEATH PENALTY CASE**

13       v.

14   **WARDEN, SAN QUENTIN STATE**               **ORDER**
     **PRISON**,

15

16            Respondent.

17        Petitioner is a state prisoner under sentence of death.  Petitioner's unopposed motion for

18   evidentiary hearing is before the Court.  (ECF No. 153.)

19   I.    BACKGROUND

20        On April 21, 1995, petitioner was convicted of murder and robbery and sentenced to

21   death; in addition, the court imposed a consecutive, determinate term of 11 years, comprised of 5

22   years for the personal use of a firearm, 5 years for the prior serious felony conviction, and 1 year

23   for the prior prison term.  (ECF No. 52 at 40.)  The court imposed the sentence but stayed

24   execution on the robbery and felon-in-possession of a firearm counts.  (Id.)

25        The district court found petitioner's first amended petition (ECF No. 52) was timely filed.

26   (ECF No. 85.)  Ruling on the remaining procedural default issues was deferred pending ruling on

27   the 28 U.S.C. § 2254(d) issues.  (Id.)  Respondent filed an answer on March 29, 2013.  (ECF No.

28   106.)  Petitioner filed a reply on September 25, 2013.  (ECF No. 114.)

                                          1

1    On February 15, 2018, the previously-assigned magistrate judge issued findings and

2    recommendations on the § 2254(d) issues.  (ECF No. 119.)  In the findings and recommendations,

3    the magistrate judge denied petitioner's non-specific requests for discovery and an evidentiary

4    hearing as follows:

5           Here and there in his arguments regarding the application of section
            2254(d) generally, petitioner mentions that discovery and an
6           evidentiary hearing are necessary. Petitioner provides very few
            descriptions of what that fact-finding might be and almost no legal
7           justification for it. The few requests this court ferreted out include
            general requests to present evidence regarding trial counsel's
8           ineffective assistance of counsel and the Sacramento County District
            Attorney's office use of impermissible racial criteria in the decision
9           to bring the death penalty against petitioner.  Petitioner's requests for
            discovery and an evidentiary hearing are denied because they are not
10          specific, not legally justified, and/or not reasonable.

11   (Id. at 26.)  The magistrate judge addressed all of petitioner's ineffective assistance of counsel

12   subclaims together, and found that petitioner established a clear prima facie case of ineffective

13   assistance of counsel during the penalty phase on the grounds asserted in Claim 3 and found no

14   reason the California Supreme Court could have held otherwise.  (Id. at 55, 90-93 (reasonableness

15   of counsel's conduct); 94-96 (prejudice).)  The magistrate judge found the California Supreme

16   Court was not unreasonable in denying petitioner's ineffective assistance of state appellate

17   counsel (Claim 34).  (Id. at 231.)  The magistrate judge did not consider petitioner's ineffective

18   assistance of habeas counsel arguments (Claim 34) because petitioner acknowledged that this is

19   not a stand-alone claim but was raised only to establish "cause" to overcome procedural bars

20   under Martinez v. Ryan, 566 U.S. 11 (2012).  (Id. at 231-32.)

21          On March 19, 2019, the district court adopted the findings and recommendations in full.

22   (ECF No. 129.)  The district court found that petitioner satisfied 28 U.S.C. § 2254(d) for Claim 3,

23   consideration of the allegation in Claim 34 that state habeas counsel was ineffective is deferred

24   until the consideration of any procedural default issues, and petitioner failed to satisfy section

25   2254(d) for the remaining claims and subclaims in the amended petition and habeas relief on

26   those claims and subclaims was denied.[1]  (ECF No. 129.)  The dismissal of the remaining claims

27

28   ------
[1]  Claim 3 relates to allegations of ineffective assistance of counsel at the penalty phase.  See ECF
     No. 52 at 143-260 (sub-claims 3(a) through 3(h)).

2

1   included the dismissal of petitioner's claim in Claim 34 that he was denied effective assistance of

2   appellate counsel.  (ECF No. 119 at 231.)  Thus, the ineffective assistance of counsel Claim 34 is

3   limited to the ineffective assistance of state habeas counsel, which is raised only to establish

4   "cause" to overcome procedural bars.  (Id. at 232 (citing Martinez, 566 U.S. at 1).)

5          On September 3, 2019, the parties filed a joint statement addressing the following issues.

6   (ECF No. 131.)  As to the procedural bars, respondent indicated:

7
                the procedural default challenges are limited to Claim 3(e) whether
                trial counsel unreasonably failed to rebut the prosecutor's argument
8               that because Mr. Cornwell was not insane at the time of the 1983 and
                1992 crimes, there was no mitigation and Claim 34, ineffective
9               assistance of state habeas counsel.

10  (Id. at 2.)  Respondent proposed that the procedural bars be addressed in post-discovery or

11  evidentiary hearing briefing when the parties brief the merits of the remaining claims.  (Id.)

12         As to discovery, petitioner stated his intention to seek discovery as to all subclaims of

13  Claims 3 and Claim 34, and would be seeking a 90 day extension of time to file a motion for

14  discovery.  (Id. at 3.)  Respondent had no objection to the extension, but may oppose the

15  discovery motion, and anticipated seeking an order to obtain trial counsel's defense file.  (Id.)

16         As to the evidentiary hearing, petitioner stated he would seek an evidentiary hearing on

17  Claim 3 upon completion of the discovery process.  (Id.)  As to scheduling, the parties stated that

18  "[a]fter the discovery motion is resolved, the parties will be able to propose a time frame for the

19  completion of discovery."  (ECF No. 131 at 3.)  Petitioner sought 45 days after the discovery

20  process was completed to file a motion for evidentiary hearing.  (Id.)

21         On March 25, 2021, the previously-assigned magistrate judge ordered as follows.  (ECF

22  No. 133.)  Procedural default challenges are limited to Claim 3(e), whether trial counsel

23  unreasonably failed to rebut the prosecutor's argument that because petitioner was not insane at

24  the time of the 1983 and 1992 crimes, there was no mitigation;[2] and Claim 34, ineffective

25  assistance of state habeas counsel, and procedural bars will be addressed in post-discovery or

26

27

[2] Respondent argued that the state court denied claim 3(e) (raised in the first state habeas petition
28  as claim 4(c)) as untimely.  (ECF No. 68 at 4.)

3

1    evidentiary hearing briefing when the parties brief the merits of the remaining claims.  (Id. at 1-2,

2    3.)  Petitioner was directed to file the discovery motion within 90 days, and respondent was

3    directed to file the motion to obtain trial counsel's defense file within 60 days.  (Id. at 2, 3.)

4    "Upon completion of the discovery process involving all sub-claims of Claims 3, and Claim 34,

5    petitioner shall have 45 days in which to file a motion for evidentiary hearing."  (Id. at 2-3.)

6         On February 9, 2022, the magistrate judge granted respondent's motion to produce trial

7    counsel's file (ECF No. 134) in part, as limited in the order, and subject to a protective order.

8    (ECF No. 141.)

9         On March 1, 2022, the magistrate judge granted petitioner's motion to discover

10   petitioner's prison and jail records and parole and probation files (ECF No. 136), but denied the

11   remaining requests.  (ECF No. 142 at 16-17.)  On March 22, 2022, petitioner filed a memo

12   concerning petitioner's compliance with the February 9, 2022 order.  (ECF No. 145.)  Petitioner

13   noted he was arranging the necessary releases to obtain petitioner's prison, parole and probation

14   records.  (Id. at 5.)

15        On April 2, 2024, this case was reassigned to the undersigned due to the retirement of the

16   previously-assigned magistrate judge.  (ECF No. 146.)

17        On October 16, 2024, the undersigned noted that two and a half years had passed since the

18   discovery motions were addressed by the Court in March 2022, and no motion for evidentiary

19   hearing had been filed.  (ECF No. 148 at 2.)  "The Court therefore presumes that petitioner no

20   longer seeks an evidentiary hearing."  (Id.)  The parties were directed to file a joint status report

21   setting forth a briefing schedule on the remaining procedural default issues and the merits of the

22   remaining claims.  (Id.)

23        Following an extension of time, the parties filed a joint status report on November 20,

24   2024.  (ECF No. 152.)  The parties proposed a briefing schedule, and petitioner noted his

25   intention to file a motion for evidentiary hearing and explain why the motion is not untimely.  (Id.

26   at 1.)  On December 12, 2024, petitioner filed a motion for evidentiary hearing and request to

27   expand the record.  (ECF No. 153.)  On December 17, 2024, the Court issued an order setting a

28   briefing schedule.  (ECF No. 154.)

1    Following an unopposed extension of time, respondent was granted an extension of time

2    to respond to petitioner's motion for evidentiary hearing. (ECF No. 156.) On January 23, 2025,

3    respondent filed a statement of non-opposition to petitioner's motion for evidentiary hearing and

4    request to expand the record, but "does not concede the admissibility of petitioner's evidence --

5    the witnesses and exhibits listed in his motion -- in state and federal court and intends to litigate

6    any evidentiary issues at the hearing." (ECF No. 157.)

7    On March 14, 2025, the parties' subsequent motion to vacate the briefing schedule (ECF

8    No. 158) was granted. (ECF No. 160.)

9    II.    TIMELINESS OF MOTION FOR EVIDENTIARY HEARING

10    Initially, the Court finds that the previous denial of petitioner's general and vague

11    mentions of a need for discovery and an evidentiary hearing in arguments regarding the

12    application of section 2254(d) does not subsequently preclude petitioner from seeking discovery

13    or an evidentiary hearing by formal motion. This finding is supported by the subsequent

14    discovery granted in this case. The Court turns now to petitioner's arguments in the motion to

15    file a motion for evidentiary hearing.

16    First, petitioner argues that the motion for evidentiary hearing is not untimely, despite the

17    Court's October 16, 2024 order, because no scheduling order had issued, and therefore the record

18    was not clear as to when discovery closed. (ECF No. 153 at 3.) Petitioner claims the failure to

19    enter a scheduling order regarding discovery, once discovery is ordered, is error. (Id. (citing

20    Rubin v. Jenkusky, 661 F. App'x 606, 610-11 (10th Cir. 2015)).) That said, petitioner

21    acknowledges that "a judge's failure to issue a timely scheduling order does not deprive the judge

22    of the power to take other actions, including merits dispositions." (Id. (citing 1 Steven Gensler,

23    Federal Rules of Civil Procedure, Rules and Commentary, Rule 16).)

24    The Court disagrees with petitioner's first argument. The March 25, 2021 order stated

25    that "[u]pon completion of the discovery process involving all sub-claims of Claims 3, and Claim

26    34, petitioner shall have 45 days in which to file a motion for evidentiary hearing." (ECF No. 133

27    at 2-3.) On February 9, 2022, and March 1, 2022, the parties' motions for discovery were

28    addressed, and on March 22, 2022, petitioner filed a memo confirming production of counsel's

1    files, and indicated petitioner's prison, parole, and probation records would be obtained through

2    record requests.  (ECF No. 143.)  No motion to compel or further motion for discovery was filed

3    in 2022, 2023, or early 2024.  Indeed, even now, petitioner does not maintain that further

4    discovery is anticipated or requested.

5            While no formal scheduling order issued, the court did set a deadline for filing a motion

6    for evidentiary hearing.  (ECF No. 133.)  The Court finds that the March 25, 2021 order implicitly

7    tied the filing of the motion for evidentiary hearing to the completion of discovery related to the

8    two pending discovery motions, meaning that once petitioner's counsel received all the records

9    from the records requests served as stated in petitioner's March 22, 2022 memo, and had a

10   reasonable time to review such records, the motion for evidentiary hearing should have been filed

11   45 days thereafter.  If counsel was unclear as to the timing of the evidentiary motion deadline,

12   counsel could have sought clarification, as he did on April 16, 2018.  (ECF No. 123.)  Even

13   liberally granting petitioner an additional 120 days after the filing of the March 22, 2022 memo,

14   to allow for serving, receiving and reviewing the records requested by petitioner, the motion for

15   evidentiary hearing should have been filed near the end of July 2022.  However, by October 2024,

16   no motion had been filed.  Considering the passage of over two years, the Court cannot find that

17   the motion for evidentiary hearing was timely.

18           Second, in the alternative, petitioner argues that even if there had been an implicit

19   deadline, he is entitled to an extension of time under Rule 6(b) of the Federal Rules of Civil

20   Procedure.  (ECF No. 153 at 3.)  Respondent did not oppose this extension.

21           In pertinent part, Rule 6 provides:

22                   (1) In General. When an act may or must be done within a specified
                     time, the court may, for good cause, extend the time:
23
                     . . . .
24
                     (B) on motion made after the time has expired if the party failed to
25                   act because of excusable neglect.

26   Fed. R. Civ. P. 6.  The district court has discretion to determine whether a party's failure to act

27   was excusable neglect.  Pincay v. Andrews, 389 F.3d 853, 858 (9th Cir. 2004).  Under Pioneer

28   Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993), in determining

6

1   whether a party's neglect was excusable, a court must examine "(1) the danger of prejudice to the

2   non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the

3   reason for the delay, including whether it was within the reasonable control of the movant, and

4   (4) whether the moving party's conduct was in good faith."  Mendez v. Knowles, 556 F.3d 757,

5   765 (9th Cir. 2009) (applying factors from Pioneer Inv. Servs. Co.); see also Anh Van Thai v.

6   Cnty. of L.A., 2021 WL 1610057, at *2 (S.D. Cal. Apr. 26, 2021) (citing Lemoge v. United

7   States, 587 F.3d 1188, 1192 (9th Cir. 2009)) (quoting Pioneer Inv. Servs. Co., 507 U.S. at 388,

8   394) ("Excusable neglect encompass[es] situations in which the failure to comply with a filing

9   deadline is attributable to negligence and includes 'omissions caused by carelessness[.]'").  A

10  district court abuses its discretion by failing to engage in this four-factor test or at least the

11  equitable analysis thereunder.  Ahanchian v. Xenon Pictures, Inc., 624 F.3d 1253, 1261 (9th Cir.

12  2010).

13       Upon considering the factors provided in Pioneer Inv. Servs. Co., the Court finds

14  excusable neglect, exercises its discretion, and grants petitioner an extension of time, nunc pro

15  tunc, to file the motion for evidentiary hearing.  The Court finds that as to the first and second

16  factors, respondent will not be prejudiced by the belated filing of the motion for evidentiary

17  hearing as evidenced by respondent's non-opposition to the motion.  As noted by petitioner, the

18  case was largely inactive during the period of delay, respondent did not indicate that discovery

19  had been completed, and issues of procedural default have not yet been addressed, and the

20  evidentiary hearing could clarify issues of procedural default.  As to the third and fourth factors,

21  there is no indication that petitioner's counsel acted in bad faith.  While the filing of the motion

22  was within petitioner's counsel's control and the Court set a deadline for filing the evidentiary

23  hearing motion, no formal scheduling order setting a firm deadline for the completion of

24  discovery issued under Rule 16 of the Federal Rules of Civil Procedure and respondent filed

25  nothing after petitioner's March 22, 2022 memo to signal to petitioner or the court that the

26  discovery produced was satisfactory, or that the discovery process was completed.  Further,

27  providing petitioner relief under Rule 6(b) may assist the Court in ruling on the merits of Claim 3.

28  See Ahanchian, 624 F.3d at 1261.  Rule 6(b)(1), "like all the Federal Rules of Civil Procedure,

1    [is] to be liberally construed to effectuate the general purpose of seeing that cases are tried on the

2    merits." Id. (citation omitted).

3          On balance, the Court finds that the equities weigh in favor of finding good cause to grant

4    petitioner relief under Rule 6(b) and grants petitioner an extension of time to file the motion for

5    evidentiary hearing, nunc pro tunc.  The Court now turns to petitioner's unopposed motion for

6    evidentiary hearing.

7    III.    MOTION FOR EVIDENTIARY HEARING

8          Petitioner seeks an evidentiary hearing on Claims 3 and 34.  Respondent does not oppose

9    the motion.

10          A.   Legal Standards

11          The decision to grant an evidentiary hearing is generally a matter left to the sound

12    discretion of the district courts.  28 U.S.C. § 2254; Habeas Rule 8(a); Schriro v. Landrigan, 550

13    U.S. 465, 473 (2007).  To obtain an evidentiary hearing in federal court under the Antiterrorism

14    and Effective Death Penalty Act of 1996 ("AEDPA"), a petitioner must allege a colorable claim

15    by alleging disputed facts which, if proved, would entitle him to relief.  Landrigan, 550 U.S. at

16    474.

17          Whether a prisoner is entitled to relief is limited by 28 U.S.C. § 2254(d), which provides

18    that a writ of habeas corpus:

19
20          shall not be granted with respect to any claim that was adjudicated
            on the merits in State court proceedings unless the adjudication of
            the claim—

21
22          (1) resulted in a decision that was contrary to, or involved an
            unreasonable application of, clearly established federal law, as
            determined by the Supreme Court of the United States; or

23
24          (2) resulted in a decision that was based on an unreasonable
            determination of the facts in light of the evidence presented in the
            State court proceeding.

25    28 U.S.C. § 2254(d).

26          The AEDPA further limits when district courts may grant an evidentiary hearing.  Section

27    2254(e)(2) provides:

28    ///

1

2

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that--

3

> (A) the claim relies on--

4

5

> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

6

7

> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

8

9

> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

10   28 U.S.C. § 2254(e)(2).  "[Section] 2254(e)(2) applies only when a prisoner 'has failed to develop

11   the factual basis of a claim.'"  Shinn v. Ramirez, 596 U.S. 366, 382 (2022); Williams v. Taylor,

12   529 U.S. 420, 433 (2000).

13          Thus, under AEDPA, the district court must first determine whether petitioner failed to

14   develop the factual basis of the claims in state court.  Insyxiengmay v. Morgan, 403 F.3d 657,

15   670 (9th Cir. 2005).  "[T]he prisoner must be 'at fault' for the undeveloped record in state court,"

16   meaning the prisoner "'bears responsibility for the failure' to develop the record."  Shinn, 596

17   U.S. at 381 (quoting Williams, 529 U.S. at 432).  A petitioner will only be charged with a "failure

18   to develop" the facts if "there is lack of diligence, or some greater fault, attributable to the

19   prisoner or the prisoner's counsel."  Williams, 529 U.S. at 432.  The petitioner must have "made a

20   reasonable attempt, in light of the information available at the time, to investigate and pursue

21   claims in state court."  Id. at 435.  "Diligence will require in the usual case that the prisoner, at a

22   minimum, seek an evidentiary hearing in the state court in the manner prescribed by state law."

23   Id. at 437.

24          Then, if the petitioner has not failed to develop the factual basis of a claim in state court,

25   an evidentiary hearing is required if (1) the petitioner establishes a colorable claim for relief—i.e.,

26   the petitioner alleges specific facts that, if proven, would entitle him to habeas relief, and (2) the

27   petitioner did not receive a full and fair opportunity to develop those facts in state court.  Earp v.

28   Ornoski, 431 F.3d 1158, 1167 (9th Cir. 2005).  The second requirement is met by a showing that:

1      (1) the merits of the factual dispute were not resolved in the state
hearing; (2) the state factual determination is not fairly supported by
the record as a whole; (3) the fact-finding procedure employed by the
state court was not adequate to afford a full and fair hearing; (4) there
is a substantial allegation of newly discovered evidence; (5) the
material facts were not adequately developed at the state-court
hearing; or (6) for any reason it appears that the state trier of fact did
not afford the habeas applicant a full and fair hearing.

Townsend v. Sain, 372 U.S. 293, 312 (1963), overruled on other grounds by Keeney v. Tamayo-Reyes, 504 U.S. 1 (1992); see Baja v. Ducharme, 187 F.3d 1075, 1078 (9th Cir. 1999).

      B.  28 U.S.C. § 2254(d) Review

        1.  *Claim 3*

On February 15, 2018, the previously assigned magistrate judge found that petitioner's Claim 3 presented colorable ineffective assistance of trial counsel claims during the penalty phase, as set forth below:

Petitioner alleges counsel was ineffective for failing to investigate and present "readily available and compelling" mitigating evidence at the penalty phase. (ECF No. 103 at 120.) Petitioner asserts that reasonably competent counsel "would have realized that a thorough investigation of [petitioner's] background and family history, including . . . his medical, mental health, academic and social and psycho social history, was essential to the adequate preparation of the penalty phase." (Id. at 119-20.) This claim involves multiple sub-claims: (a) trial counsel unreasonably failed to retain and supervise appropriate investigators and other staff to conduct an adequate and timely investigation; (b) trial counsel failed to investigate and present readily available and substantially mitigating social history evidence; (c) trial counsel unreasonably failed to investigate, develop, and present mitigating evidence regarding petitioner's mental state at the time of the 1983 prior convictions, and at the time of the 1993 offense to rebut the prosecution's case in aggravation; (d) trial counsel failed to present adequate evidence and argument, and failed to object to or rebut the prosecutor's arguments, so the jury never learned about substantial mitigating evidence regarding the 1983 and 1993 offenses and/or understood the mitigating value of the evidence that was presented; (e) trial counsel unreasonably failed to rebut the prosecutor's argument that because petitioner was not insane at the time of the 1983 and 1993 crimes, there was no mitigation; (f) trial counsel failed wholly or adequately to present evidence, to object, and to rebut the prosecutor's argument that petitioner's background and childhood were irrelevant to the penalty phase determination; (g) trial counsel inadequately failed to consult with, prepare, and present testimony from penalty phase experts; and (h) cumulative effect of counsel's errors at the penalty phase. Petitioner raised these claims in his first state habeas petition, and the California Supreme Court summarily rejected them on the

10

1
2
3
4

merits.  (LD 10, 18.)  Because the subclaims are interrelated, this court will address them together.  As set out below, this court finds petitioner has established a clear prima facie case of ineffective assistance of counsel during the penalty phase on the grounds asserted in claim 3 and can find no reason the California Supreme Court could have held otherwise.

5   (ECF No. 119 at 55-56; id. at 96.)  The district court adopted the findings and recommendations

6   in full.  (ECF No. 129.)

7          *2.    Claim 34*

8          In Claim 34, petitioner argues that his state appellate and habeas counsel rendered

9   ineffective assistance of counsel by failing to preserve evidence, investigate relevant issues,

10  adequately consult with petitioner, present to the California Supreme Court all issues of which he

11  was, or should have been aware, and adequately research issues.  (ECF No. 52 at 488-90; ECF

12  No. 119 at 230-32.)

13         In the motion for evidentiary hearing, petitioner seeks an evidentiary hearing on both

14  prongs of Claim 34:  the ineffective assistance of state appellate and habeas counsel.  (ECF No.

15  153 at 14-15.)  Indeed, petitioner states that Claim 34 was also determined to meet 28 U.S.C.

16  § 2254(d) review.  (ECF No. 153 at 5:12-16.)  As for state appellate counsel, however, the court

17  found that petitioner failed to establish his claim for ineffective assistance of appellate counsel

18  (Claim 34), and therefore the California Supreme Court was not unreasonable in denying that

19  claim.  (ECF No. 119 at 231.)  Thus, petitioner is not entitled to an evidentiary hearing on the

20  ineffective assistance of appellate counsel claim prong of Claim 34.  See Shinn, 596 U.S. at 382

21  ("under § 2254(e)(2), a federal habeas court may not conduct an evidentiary hearing or otherwise

22  consider evidence beyond the state-court record based on ineffective assistance of state

23  postconviction counsel").

24         As for habeas counsel, the court declined to consider petitioner's ineffective assistance of

25  habeas counsel (Claim 34) arguments because the court deferred consideration of any procedural

26  default arguments until after resolution of the § 2254(d) issues, noting petitioner "acknowledges

27  that this is not a stand-alone claim" and was "raised only to establish 'cause' to overcome

28  procedural bars."  (ECF No. 119 at 231 (citing Martinez, 566 U.S. at 1).)  Therefore, contrary to

1    petitioner's claim in the current motion, there was no ruling on whether petitioner's ineffective

2    assistance of habeas counsel arguments were determined to meet 28 U.S.C. § 2254(d).

3         C.   Claims Brought in State Court

4            1.   *Claim 3*

5            All of petitioner's Claim 3 subclaims were presented in petitioner's first state habeas

6    petition filed July 2, 2004.  Cornwell (Glenn) on H.C., S126032.  (Lodged Document ("LD") No.

7    10 at 17-181; ECF No. 153 at 8-14.)  Petitioner also requested an evidentiary hearing in his first

8    state habeas petition.  Id. (LD No. 10 at 342).  On June 24, 2009, the California Supreme Court

9    summarily denied all of these subclaims on the merits.  Id. ("All claims, except claim 11, are

10   denied on the merits.")

11           Petitioner's subclaim 3(e), brought as claim 4(c) was also held to be untimely.[3]  In re

12   Cornwell, S126032 ("Claims 1, 4(c), 16 and 19 are denied as untimely.") (citing In re Robbins

13   (1998) 18 Cal.4th 770, 780; In re Clark (1993) 5 Cal.4th 750, 797).).

14           2.   *Claim 34*

15           Petitioner mentioned Claim 34 in section V of the first state habeas petition filed on July

16   2, 2004, "but was not brought as a claim because appellate counsel was also state habeas counsel,

17   and it would have been a conflict of interest for him to bring a claim against himself."  (ECF No.

18   153 at 15.)  The first time Claim 34 could have been brought was in a supplemental state habeas

19   petition.  (Id.)  Claim 34 was presented to the California Supreme Court as "Supplemental Claim

20   20" in petitioner's supplemental petition filed on May 7, 2007.  Cornwell, Jr. (Glenn) on H.C.,

21   S152880.  Petitioner also requested an evidentiary hearing in his supplemental first state habeas

22   petition.  Id. (LD No. 10 at 342).  Supplemental Claim 20 (Claim 34) was denied on the merits.

23   Id. ("All claims, except claim 11, are denied on the merits.")  In addition, the California Supreme

24   Court ruled that:

25   ///

26   ───────────────────────

27   [3]  Petitioner states that subclaim 3(f) was also denied as untimely, citing the state court's denial of
     claim 4(c) as untimely.  (ECF No. 153 at 13.)  But petitioner also states that subclaim 3(f) was
     raised in the state court petition as Claim 4(d), which is not specifically referenced in the June 24,

28   2009 order by the California Supreme Court.

12

1
2
3
4

> Claim 20 also is barred to the extent it repeats claims made in petitioner's first petition for writ of habeas corpus. (In re Miller (1941) 17 Cal. 2d 734, 735.)   To the extent this claim asserts ineffective assistance appellate counsel, it also is barred as untimely (In re Robbins, supra,18 Cal. 4th at p. 780) and successive (In re Clark, supra, 5 Cal. 4th at pp. 767-768).

5    Id.

6       D.   Discussion

7          1.  Claim 3

8    This case involves at least two Townsend factors:  "the state factual determination is not

9    fairly supported by the record as a whole" and "the fact-finding procedure employed by the state

10   court was not adequate to afford a full and fair hearing."  Townsend, 372 U.S. at 313.  Petitioner's

11   state habeas petition was summarily dismissed.  See Taylor v. Maddox, 366 F.3d 992, 1000-01

12   (9th Cir. 2004) (federal courts applying AEDPA cannot defer to state court's view of facts where

13   state court does not make findings), cert. denied, 543 U.S. 1038 (2004).  The unexplained

14   summary denial of the state habeas petition by the California Supreme Court does not contain

15   implicit factual findings subject to a presumption of correctness.  Fisher v. Roe, 263 F.3d 906,

16   913 (9th Cir. 2001), overruled in part on an unrelated point in Payton v. Woodford, 346 F.3d

17   1204, 1218 n.18 (9th Cir. 2003) (en banc).  The Court finds an evidentiary hearing is justified in

18   this case based on the same factors the Court considered above in finding the state court's factual

19   determinations unreasonable under § 2254(d).

20   Both Ninth Circuit and United States Supreme Court decisions emphasize the importance

21   of evidentiary hearings in habeas corpus proceedings where the state court failed to hold its own

22   evidentiary hearings or otherwise permit the factual development of claims.  See, e.g., Taylor v.

23   Maddox, 366 F.3d at 999-1000 (citing Wiggins v. Smith, 539 U.S. 510 (2003), and Ninth Circuit

24   cases).

25   An evidentiary hearing is important to ensure an adequate factual record, and provide for

26   meaningful appellate review.  This is particularly true when addressing mitigation evidence at the

27   penalty phase.  "It is imperative that all relevant mitigating information be unearthed for

28   consideration at the capital sentencing phase."  Caro v. Calderon, 165 F.3d 1223, 1227 (9th Cir.

1    1999).  The focus of the penalty phase of trial differs from the guilt phase.  See id. ("The

2    determination of whether to impose a death sentence is not an ordinary legal determination which

3    turns on the establishment of hard facts.") (citation omitted); see also Wallace v. Stewart, 184

4    F.3d 1112, 1117 n.5 (9th Cir. 1999) ("[T]he lawyer's burden might differ at the guilt phase from

5    that at the penalty phase. . . "), cert. denied, 528 U.S. 1105 (2000).  "Even where the sentencer is

6    aware of facts underlying the defendant's mitigation case, trial counsel may not necessarily rest

7    on these facts."  Stanley v. Schriro, 598 F.3d 612, 624 (9th Cir. 2010) (citing Caro, 165 F.3d at

8    1227 (clarifying that although the jury had information regarding the defendant's background, it

9    did not "have the benefit of expert testimony to explain the ramifications of [this background] on

10    Caro's behavior").  While evidence of mental illness may not provide a legal defense, "where

11    counsel is on notice that his client may be mentally impaired, counsel's failure to investigate his

12    client's mental condition as a mitigating factor in a penalty phase hearing, without a supporting

13    strategic reason, constitutes deficient performance."  Wallace, 184 F.3d at 1117 (quoting

14    Hendricks v. Calderon, 70 F.3d 1032, 1043 (9th Cir. 1995), cert. denied, 517 U.S. 1111 (1996).

15        In Wallace, the court noted that failure to conduct an evidentiary hearing precluded

16    disposition of the claim.  "Because there was no hearing, the State did not have an opportunity to

17    cross-examine Wallace's affiants, or to present evidence of its own."  Id. at 1118.  "However,

18    were the district court to accept all of Wallace's evidence, it could find that Wallace's lawyers

19    were ineffective, and conclude that 'there is a reasonable probability that the death sentence

20    would not have been imposed' had they been effective."  Id. (quoting Hendricks, 70 F.3d at 1044

21    (9th Cir. 1995).

22        In conclusion, the record reflects that petitioner established a clear prima facie case of

23    ineffective assistance of trial counsel during the penalty phase on the grounds asserted in Claim 3

24    and its subclaims.  (ECF No. 119 at 55-56; id. at 96); see Wallace, 184 F.3d at 1118.  The Court

25    finds that petitioner did not fail to develop the evidence of ineffective assistance of counsel in

26    state court, and therefore is not subject to 28 U.S.C. § 2254(e)(2).  See Shinn, 596 U.S. at 382.

27    Finally, petitioner meets at least two of the Townsend factors.  See Townsend, 372 U.S. at 313.

28    Accordingly, the Court exercises its discretion and finds that petitioner is entitled to an

14

1   evidentiary hearing on the ineffective assistance of counsel subclaims (a) through (g) in Claim 3.

2   It does not appear that Claim 3(h) (cumulative prejudice) is suited to an evidentiary hearing and

3   should be addressed in post-evidentiary hearing briefing.

4       *2. Claim 34*

5       As described above, petitioner is not entitled to an evidentiary hearing on the ineffective

6   assistance of appellate counsel claim prong of Claim 34.  See Shinn, 596 U.S. at 382 ("under

7   § 2254(e)(2), a federal habeas court may not conduct an evidentiary hearing or otherwise consider

8   evidence beyond the state-court record based on ineffective assistance of state postconviction

9   counsel").

10      As to the habeas counsel claim prong of Claim 34, petitioner did not fail to develop in

11  state court any of the facts he seeks to present in support of the ineffective assistance of habeas

12  counsel arguments in Claim 34.  However, petitioner failed to provide authority for this Court to

13  hold an evidentiary hearing for petitioner to establish "cause" to overcome procedural bars.  In

14  addition, petitioner failed to identify what factual disputes as to "cause" require an evidentiary

15  hearing.  Thus, petitioner's motion is denied as to Claim 34 but he is granted leave to file a

16  second motion for an evidentiary hearing as to the habeas counsel claim prong of Claim 34 within

17  30 days of the date of this order.  The Court is not inclined to further extend this deadline.  If a

18  second motion as to the habeas counsel claim prong is not filed within 30 days of the date of this

19  order, petitioner will be deemed to have withdrawn his request for an evidentiary hearing as to

20  Claim 34.

21      E.    Consent/Waiver and Scheduling Conference

22      Petitioner's motion for evidentiary hearing was unopposed.  Thus, it appears the parties

23  consent to have the undersigned decide the motion for evidentiary hearing rather than issue

24  findings and recommendations.  Accordingly, the motion for evidentiary hearing as to the

25  ineffective assistance of counsel subclaims (a) through (g) in Claim 3 is granted pending

26  confirmation of the parties' consent.  In an abundance of caution, the parties shall indicate

27  whether they consent by submitting the attached notice of election form within 21 days from the

28  date of this order.  If the parties do not consent, the Court will issue findings and

15

1   recommendations, the parties will be provided with an opportunity to object and respond to

2   objections, the district judge will review, and scheduling and coordination for the evidentiary

3   hearing will occur thereafter.

4          If the parties consent, the matter will be set for a status and scheduling conference on

5   November 17, 2025, at 10:00 a.m. before the undersigned to move forward in scheduling and

6   coordinating for the evidentiary hearing as petitioner indicated that the evidentiary hearing "could

7   be scheduled and completed within a relatively short time." (ECF No. 153 at 4:9.)  Though

8   respondent did not oppose petitioner's motion for an evidentiary hearing, respondent reserves the

9   right to challenge the admissibility of the witnesses' testimony and intends to litigate any

10  evidentiary issues at the hearing.

11         At the status and scheduling conference, the parties should meet and confer in advance as

12  to the following issues and be prepared to discuss these issues at the conference.  First, whether

13  the parties agree that discovery is closed.  The parties have not indicated that any discovery is

14  anticipated or required before an evidentiary hearing is held.

15         Second, a proposed deadline for the filing of any pre-evidentiary hearing motions that

16  either party deems appropriate and identification of those motions.

17         Third, as for the exhibits petitioner identified in his motion to expand the record, the

18  parties shall meet and confer to determine whether they can stipulate to the admission of any of

19  the exhibits.

20         Fourth, petitioner seeks the testimony of 21 different witnesses, many of whom would

21  testify as to multiple subclaims.  It is not clear whether all 21 proposed witnesses are available

22  and can provide relevant testimony that is not cumulative.[4]  Thus, the parties should meet and

23  confer regarding the proposed witnesses, including to determine whether any witnesses are

24  cumulative; whether the parties stipulate to the admissibility of certain witness testimony; and the

25  manner of the witness testimony (e.g., by declaration, deposition, or live in-court testimony, etc.).

26

27  [4]  For example, it appears that Myla Young, clinical neuropsychologist, proposed as a witness for
    claims 3(b), (d), (e), (f), and (g), died on November 18, 2013.  See

28  https://www.greenvalleymortuary.com/obituaries/myla-young, (accessed Sept. 16, 2025.)

1    There is no need to present evidence that is already in the record being considered by this Court

2    except for that evidence which is necessary to any credibility determinations required to resolve

3    the issue.

4          Fifth, proposed dates for the evidentiary hearing and its anticipated length.

5    IV.    REQUEST TO EXPAND THE RECORD

6          Petitioner seeks to expand the record with multiple exhibits appended to the petition.

7    Respondent does not oppose the request to expand the record, but reserves the right to challenge

8    the admissibility of petitioner's exhibits, and litigate any evidentiary issues at the hearing.

9    Petitioner's unopposed motion to expand the record is granted, subject to respondent's

10   reservation.  See Lopez v. Attorney General for Nevada, 845 F. App'x 549, 554 n.3 (9th Cir.

11   2021).  As indicated above, the parties need to meet and confer as to the exhibits identified by

12   petitioner.

13   V.     ORDERS

14          Accordingly, IT IS HEREBY ORDERED that:

15          1.  Petitioner is granted an extension of time, nunc pro tunc, to file a motion for

16              evidentiary hearing (ECF No. 153).

17          2.  Within 21 days from the date of this order, the parties shall file the appended notice of

18              election form.

19          3.  Pending confirmation of the parties' consent, petitioner's motion (ECF No. 153) is

20              partially granted and within 30 days from the date of this order, petitioner is granted

21              leave to file a second motion for an evidentiary hearing as to the habeas counsel claim

22              prong of Claim 34.

23          4.  If both parties consent to the magistrate judge deciding the motion for evidentiary

24              hearing, this matter will be set for a status and scheduling conference on November

25              17, 2025 at 10:00 a.m. in Courtroom #25 before the undersigned.  Seven days prior to

26              the status and scheduling conference, the parties shall submit a joint proposed

27              schedule and status report that shall include:  (1) whether the parties agree that

28              discovery is closed; (2) a proposed deadline for the filing of any pre-evidentiary

17

hearing motions that either party deems appropriate; (3) whether the parties agree as to

any exhibits proposed by petitioner to expand the record; (4) whether any witnesses

are cumulative, whether the parties stipulate to the admissibility of certain witnesses,

and the proposed manner of witness testimony (e.g., by declaration, deposition, or live

in-court testimony); and (5) proposed dates for the evidentiary hearing and its

anticipated length.

Dated:  September 29, 2025

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/corn0705.mEH

18

1

2

3

4

5

6                      UNITED STATES DISTRICT COURT

7                 FOR THE EASTERN DISTRICT OF CALIFORNIA

8

9   **GLENN CORNWELL, Jr.**,                No.  2:06-cv-0705 TLN CSK DP

10                  Petitioner,             **DEATH PENALTY CASE**

11        v.                                NOTICE OF ELECTION

12  **WARDEN, SAN QUENTIN STATE
    PRISON**,

13
                                          _____
14                  Respondent.

15        Petitioner is a state prisoner under sentence of death.  Petitioner filed a motion for

16  evidentiary hearing.  (ECF No. 153.)  Respondent filed a statement of non-opposition to the

17  motion for evidentiary hearing.  (ECF No. 157.)  The party elects to proceed as follows:

18        _____  The undersigned party waives his right to have the district judge address the

19               motion for evidentiary hearing, and consents to have the magistrate judge decide

20               the motion for an evidentiary hearing and hold an evidentiary hearing in this case.

21        _____  The undersigned party declines to consent to have the magistrate judge address the

22               motion for evidentiary hearing.  The magistrate judge will issue findings and

23               recommendations.

24

25  DATED:_____

26                                          _____
                                            [Identify Party]
27

28
                                      19