UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GLENN CORNWELL, Jr.**, | No. 2:06-cv-0705 TLN CSK DP |
| Petitioner, | **DEATH PENALTY CASE** |
| v. | |
| **WARDEN, SAN QUENTIN STATE PRISON**, | **FINDINGS AND RECOMMENDATIONS** |
| Respondent. | |

Petitioner is a state prisoner under sentence of death. Petitioner's first, unopposed motion for evidentiary hearing[1] (ECF No. 153) is before the Court. As discussed below, the Court recommends that the motion be partially granted.

I.     BACKGROUND

On April 21, 1995, petitioner was convicted of murder and robbery and sentenced to death; in addition, the court imposed a consecutive, determinate term of 11 years, comprised of 5 years for the personal use of a firearm, 5 years for the prior serious felony conviction, and 1 year for the prior prison term. (ECF No. 52 at 40.) The court imposed the sentence but stayed execution on the robbery and felon-in-possession of a firearm counts. (Id.)

---

[1] Because this motion was unopposed, the Court previously addressed the motion for evidentiary hearing and provided counsel the opportunity to consent to have the undersigned decide the motion by order rather than by findings and recommendations. (ECF No. 161 at 15-16.) Petitioner elected to, but respondent declined to so elect. (ECF Nos. 162, 164.)

1

The district court found petitioner's first amended petition (ECF No. 52) was timely filed. (ECF No. 85.)  Ruling on the remaining procedural default issues was deferred pending ruling on the 28 U.S.C. § 2254(d) issues.  (Id.)  Respondent filed an answer on March 29, 2013.  (ECF No. 106.)  Petitioner filed a reply on September 25, 2013.  (ECF No. 114.)

On February 15, 2018, the previously-assigned magistrate judge issued findings and recommendations on the § 2254(d) issues.  (ECF No. 119.)  In the findings and recommendations, the magistrate judge denied petitioner's non-specific requests for discovery and an evidentiary hearing as follows:

> Here and there in his arguments regarding the application of section 2254(d) generally, petitioner mentions that discovery and an evidentiary hearing are necessary. Petitioner provides very few descriptions of what that fact-finding might be and almost no legal justification for it. The few requests this court ferreted out include general requests to present evidence regarding trial counsel's ineffective assistance of counsel and the Sacramento County District Attorney's office use of impermissible racial criteria in the decision to bring the death penalty against petitioner. Petitioner's requests for discovery and an evidentiary hearing are denied because they are not specific, not legally justified, and/or not reasonable.

(Id. at 26.)  The magistrate judge addressed all of petitioner's ineffective assistance of counsel subclaims together, and found that petitioner established a clear prima facie case of ineffective assistance of counsel during the penalty phase on the grounds asserted in Claim 3 and found no reason the California Supreme Court could have held otherwise.  (Id. at 55, 90-93 (reasonableness of counsel's conduct); 94-96 (prejudice).)  The magistrate judge found the California Supreme Court was not unreasonable in denying petitioner's ineffective assistance of state appellate counsel (Claim 34).  (Id. at 231.)  The magistrate judge did not consider petitioner's ineffective assistance of habeas counsel arguments (Claim 34) because petitioner acknowledged that this is not a stand-alone claim but was raised only to establish "cause" to overcome procedural bars under Martinez v. Ryan, 566 U.S. 11 (2012).  (Id. at 231-32.)

On March 19, 2019, the district court adopted the findings and recommendations in full. (ECF No. 129.)  The district court found that petitioner satisfied 28 U.S.C. § 2254(d) for Claim 3, consideration of the allegation in Claim 34 that state habeas counsel was ineffective is deferred until the consideration of any procedural default issues, and petitioner failed to satisfy section

2254(d) for the remaining claims and subclaims in the amended petition and habeas relief on those claims and subclaims was denied.[2]  (ECF No. 129.)  The dismissal of the remaining claims included the dismissal of petitioner's claim in Claim 34 that he was denied effective assistance of appellate counsel.  (ECF No. 119 at 231.)  Thus, the ineffective assistance of counsel Claim 34 is limited to the ineffective assistance of state habeas counsel, which is raised only to establish "cause" to overcome procedural bars.  (Id. at 232 (citing Martinez, 566 U.S. at 1).)

On September 3, 2019, the parties filed a joint statement addressing the following issues. (ECF No. 131.)  As to the procedural bars, respondent indicated:

> the procedural default challenges are limited to Claim 3(e) whether trial counsel unreasonably failed to rebut the prosecutor's argument that because Mr. Cornwell was not insane at the time of the 1983 and 1992 crimes, there was no mitigation and Claim 34, ineffective assistance of state habeas counsel.

(Id. at 2.)  Respondent proposed that the procedural bars be addressed in post-discovery or evidentiary hearing briefing when the parties brief the merits of the remaining claims.  (Id.)

As to discovery, petitioner stated his intention to seek discovery as to all subclaims of Claims 3 and Claim 34, and would be seeking a 90 day extension of time to file a motion for discovery.  (Id. at 3.)  Respondent had no objection to the extension, but may oppose the discovery motion, and anticipated seeking an order to obtain trial counsel's defense file.  (Id.)

As to the evidentiary hearing, petitioner stated he would seek an evidentiary hearing on Claim 3 upon completion of the discovery process.  (Id.)  As to scheduling, the parties stated that "[a]fter the discovery motion is resolved, the parties will be able to propose a time frame for the completion of discovery."  (ECF No. 131 at 3.)  Petitioner sought 45 days after the discovery process was completed to file a motion for evidentiary hearing.  (Id.)

On March 25, 2021, the previously-assigned magistrate judge ordered as follows.  (ECF No. 133.)  Procedural default challenges are limited to Claim 3(e), whether trial counsel unreasonably failed to rebut the prosecutor's argument that because petitioner was not insane at

---

[2]  Claim 3 relates to allegations of ineffective assistance of counsel at the penalty phase.  See ECF No. 52 at 143-260 (sub-claims 3(a) through 3(h)).

the time of the 1983 and 1992 crimes, there was no mitigation;[3] and Claim 34, ineffective assistance of state habeas counsel, and procedural bars will be addressed in post-discovery or evidentiary hearing briefing when the parties brief the merits of the remaining claims.  (Id. at 1-2, 3.)  Petitioner was directed to file the discovery motion within 90 days, and respondent was directed to file the motion to obtain trial counsel's defense file within 60 days.  (Id. at 2, 3.)  "Upon completion of the discovery process involving all sub-claims of Claims 3, and Claim 34, petitioner shall have 45 days in which to file a motion for evidentiary hearing."  (Id. at 2-3.)

On February 9, 2022, the magistrate judge granted respondent's motion to produce trial counsel's file (ECF No. 134) in part, as limited in the order, and subject to a protective order.  (ECF No. 141.)

On March 1, 2022, the magistrate judge granted petitioner's motion to discover petitioner's prison and jail records and parole and probation files (ECF No. 136), but denied the remaining requests.  (ECF No. 142 at 16-17.)  On March 22, 2022, petitioner filed a memo concerning petitioner's compliance with the February 9, 2022 order.  (ECF No. 145.)  Petitioner noted he was arranging the necessary releases to obtain petitioner's prison, parole and probation records.  (Id. at 5.)

On April 2, 2024, this case was reassigned to the undersigned due to the retirement of the previously-assigned magistrate judge.  (ECF No. 146.)

On October 16, 2024, the undersigned noted that two and a half years had passed since the discovery motions were addressed by the Court in March 2022, and no motion for evidentiary hearing had been filed.  (ECF No. 148 at 2.)  "The Court therefore presumes that petitioner no longer seeks an evidentiary hearing."  (Id.)  The parties were directed to file a joint status report setting forth a briefing schedule on the remaining procedural default issues and the merits of the remaining claims.  (Id.)

Following an extension of time, the parties filed a joint status report on November 20, 2024.  (ECF No. 152.)  The parties proposed a briefing schedule, and petitioner noted his

---

[3]  Respondent argued that the state court denied claim 3(e) (raised in the first state habeas petition as claim 4(c)) as untimely.  (ECF No. 68 at 4.)

intention to file a motion for evidentiary hearing and explain why the motion is not untimely.  (Id. at 1.)  On December 12, 2024, petitioner filed a motion for evidentiary hearing and request to expand the record.  (ECF No. 153.)  On December 17, 2024, the Court issued an order setting a briefing schedule.  (ECF No. 154.)

Following an unopposed extension of time, respondent was granted an extension of time to respond to petitioner's motion for evidentiary hearing.  (ECF No. 156.)  On January 23, 2025, respondent filed a statement of non-opposition to petitioner's motion for evidentiary hearing and request to expand the record, but "does not concede the admissibility of petitioner's evidence -- the witnesses and exhibits listed in his motion -- in state and federal court and intends to litigate any evidentiary issues at the hearing."  (ECF No. 157.)

On March 14, 2025, the parties' subsequent motion to vacate the briefing schedule (ECF No. 158) was granted.  (ECF No. 160.)

On September 29, 2026, the undersigned granted, nunc pro tunc, petitioner's motion for extension of time to file a motion for evidentiary hearing, and partially granted the motion for evidentiary hearing pending confirmation of the parties' consent, and granted petitioner leave to file a second motion for evidentiary hearing on the habeas counsel claim prong of Claim 34. (ECF No. 161.)  On October 6, 2025, petitioner consented, but on October 20, 2025, respondent declined consent.  (ECF Nos. 162, 164.)

On October 28, 2026, petitioner filed a second motion for evidentiary hearing as to the habeas counsel claim prong of Claim 34.  (ECF No 166.)  On November 6, 2026, respondent filed an opposition; on November 2026, petitioner filed a reply.  (ECF Nos. 167, 168.)  On November 18, 2026, the Court ordered respondent to file a surreply.  (ECF No. 169.)  On December 4, 2025, respondent filed a surreply.  (ECF No. 170.)  In the surreply, respondent confirmed he does not oppose petitioner's first motion for evidentiary hearing on Claim 3 (ineffective assistance of trial counsel for failing to present mitigating evidence at the penalty phase).  (Id. at 1.)

II.     FIRST MOTION FOR EVIDENTIARY HEARING

Petitioner seeks an evidentiary hearing on Claims 3 and 34.  Respondent does not oppose the first motion for evidentiary hearing on Claim 3.

A.   Legal Standards

The decision to grant an evidentiary hearing is generally a matter left to the sound discretion of the district courts.  28 U.S.C. § 2254; Habeas Rule 8(a); Schriro v. Landrigan, 550 U.S. 465, 473 (2007).  To obtain an evidentiary hearing in federal court under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petitioner must allege a colorable claim by alleging disputed facts which, if proved, would entitle him to relief.  Landrigan, 550 U.S. at 474.

Whether a prisoner is entitled to relief is limited by 28 U.S.C. § 2254(d), which provides that a writ of habeas corpus:

> shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The AEDPA further limits when district courts may grant an evidentiary hearing.  Section 2254(e)(2) provides:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that--
>
> (A) the claim relies on--
>
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2).  "[Section] 2254(e)(2) applies only when a prisoner 'has failed to develop

6

the factual basis of a claim.'" Shinn v. Ramirez, 596 U.S. 366, 382 (2022); Williams v. Taylor, 529 U.S. 420, 433 (2000).

Thus, under AEDPA, the district court must first determine whether petitioner failed to develop the factual basis of the claims in state court. Insyxiengmay v. Morgan, 403 F.3d 657, 670 (9th Cir. 2005). "[T]he prisoner must be 'at fault' for the undeveloped record in state court," meaning the prisoner "'bears responsibility for the failure' to develop the record." Shinn, 596 U.S. at 381 (quoting Williams, 529 U.S. at 432). A petitioner will only be charged with a "failure to develop" the facts if "there is lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." Williams, 529 U.S. at 432. The petitioner must have "made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court." Id. at 435. "Diligence will require in the usual case that the prisoner, at a minimum, seek an evidentiary hearing in the state court in the manner prescribed by state law." Id. at 437.

Then, if the petitioner has not failed to develop the factual basis of a claim in state court, an evidentiary hearing is required if (1) the petitioner establishes a colorable claim for relief—i.e., the petitioner alleges specific facts that, if proven, would entitle him to habeas relief, and (2) the petitioner did not receive a full and fair opportunity to develop those facts in state court. Earp v. Ornoski, 431 F.3d 1158, 1167 (9th Cir. 2005). The second requirement is met by a showing that:

> (1) the merits of the factual dispute were not resolved in the state hearing; (2) the state factual determination is not fairly supported by the record as a whole; (3) the fact-finding procedure employed by the state court was not adequate to afford a full and fair hearing; (4) there is a substantial allegation of newly discovered evidence; (5) the material facts were not adequately developed at the state-court hearing; or (6) for any reason it appears that the state trier of fact did not afford the habeas applicant a full and fair hearing.

Townsend v. Sain, 372 U.S. 293, 312 (1963), overruled on other grounds by Keeney v. Tamayo-Reyes, 504 U.S. 1 (1992); see Baja v. Ducharme, 187 F.3d 1075, 1078 (9th Cir. 1999).

B. 28 U.S.C. § 2254(d) Review

1. Claim 3

On February 15, 2018, the previously assigned magistrate judge found that petitioner's

Claim 3 presented colorable ineffective assistance of trial counsel claims during the penalty phase, as set forth below:

> Petitioner alleges counsel was ineffective for failing to investigate and present "readily available and compelling" mitigating evidence at the penalty phase. (ECF No. 103 at 120.) Petitioner asserts that reasonably competent counsel "would have realized that a thorough investigation of [petitioner's] background and family history, including . . . his medical, mental health, academic and social and psycho social history, was essential to the adequate preparation of the penalty phase." (Id. at 119-20.) This claim involves multiple sub-claims: (a) trial counsel unreasonably failed to retain and supervise appropriate investigators and other staff to conduct an adequate and timely investigation; (b) trial counsel failed to investigate and present readily available and substantially mitigating social history evidence; (c) trial counsel unreasonably failed to investigate, develop, and present mitigating evidence regarding petitioner's mental state at the time of the 1983 prior convictions, and at the time of the 1993 offense to rebut the prosecution's case in aggravation; (d) trial counsel failed to present adequate evidence and argument, and failed to object to or rebut the prosecutor's arguments, so the jury never learned about substantial mitigating evidence regarding the 1983 and 1993 offenses and/or understood the mitigating value of the evidence that was presented; (e) trial counsel unreasonably failed to rebut the prosecutor's argument that because petitioner was not insane at the time of the 1983 and 1993 crimes, there was no mitigation; (f) trial counsel failed wholly or adequately to present evidence, to object, and to rebut the prosecutor's argument that petitioner's background and childhood were irrelevant to the penalty phase determination; (g) trial counsel inadequately failed to consult with, prepare, and present testimony from penalty phase experts; and (h) cumulative effect of counsel's errors at the penalty phase. Petitioner raised these claims in his first state habeas petition, and the California Supreme Court summarily rejected them on the merits. (LD 10, 18.) Because the subclaims are interrelated, this court will address them together. As set out below, this court finds petitioner has established a clear prima facie case of ineffective assistance of counsel during the penalty phase on the grounds asserted in claim 3 and can find no reason the California Supreme Court could have held otherwise.

(ECF No. 119 at 55-56; id. at 96.) The district court adopted the findings and recommendations in full. (ECF No. 129.)

   *2.   Claim 34*

   In Claim 34, petitioner argues that his state appellate and habeas counsel rendered ineffective assistance of counsel by failing to preserve evidence, investigate relevant issues, adequately consult with petitioner, present to the California Supreme Court all issues of which he

8

was, or should have been aware, and adequately research issues.  (ECF No. 52 at 488-90; ECF No. 119 at 230-32.)

In the motion for evidentiary hearing, petitioner seeks an evidentiary hearing on both prongs of Claim 34:  the ineffective assistance of state appellate and habeas counsel.  (ECF No. 153 at 14-15.)  Indeed, petitioner states that Claim 34 was also determined to meet 28 U.S.C. § 2254(d) review.  (ECF No. 153 at 5:12-16.)  As for state appellate counsel, however, the court found that petitioner failed to establish his claim for ineffective assistance of appellate counsel (Claim 34), and therefore the California Supreme Court was not unreasonable in denying that claim.  (ECF No. 119 at 231.)  Thus, petitioner is not entitled to an evidentiary hearing on the ineffective assistance of appellate counsel claim prong of Claim 34.  See Shinn, 596 U.S. at 382 ("under § 2254(e)(2), a federal habeas court may not conduct an evidentiary hearing or otherwise consider evidence beyond the state-court record based on ineffective assistance of state postconviction counsel").

As for habeas counsel, the court declined to consider petitioner's ineffective assistance of habeas counsel (Claim 34) arguments because the court deferred consideration of any procedural default arguments until after resolution of the § 2254(d) issues, noting petitioner "acknowledges that this is not a stand-alone claim" and was "raised only to establish 'cause' to overcome procedural bars."  (ECF No. 119 at 231 (citing Martinez, 566 U.S. at 1).)  Therefore, contrary to petitioner's claim in the current motion, there was no ruling on whether petitioner's ineffective assistance of habeas counsel arguments were determined to meet 28 U.S.C. § 2254(d).

C.   Claims Brought in State Court

1.   Claim 3

All of petitioner's Claim 3 subclaims were presented in petitioner's first state habeas petition filed July 2, 2004.  Cornwell (Glenn) on H.C., S126032.  (Lodged Document ("LD") No. 10 at 17-181; ECF No. 153 at 8-14.)  Petitioner also requested an evidentiary hearing in his first state habeas petition.  Id. (LD No. 10 at 342).  On June 24, 2009, the California Supreme Court summarily denied all of these subclaims on the merits.  Id. ("All claims, except claim 11, are denied on the merits.").

Petitioner's subclaim 3(e), brought as claim 4(c) was also held to be untimely.[4]  In re Cornwell, S126032 ("Claims 1, 4(c), 16 and 19 are denied as untimely.") (citing In re Robbins (1998) 18 Cal.4th 770, 780; In re Clark (1993) 5 Cal.4th 750, 797).).

### 2. Claim 34

Petitioner mentioned Claim 34 in section V of the first state habeas petition filed on July 2, 2004, "but was not brought as a claim because appellate counsel was also state habeas counsel, and it would have been a conflict of interest for him to bring a claim against himself." (ECF No. 153 at 15.)  The first time Claim 34 could have been brought was in a supplemental state habeas petition. (Id.)  Claim 34 was presented to the California Supreme Court as "Supplemental Claim 20" in petitioner's supplemental petition filed on May 7, 2007.  Cornwell, Jr. (Glenn) on H.C., S152880.  Petitioner also requested an evidentiary hearing in his supplemental first state habeas petition.  Id. (LD No. 10 at 342).  Supplemental Claim 20 (Claim 34) was denied on the merits. Id. ("All claims, except claim 11, are denied on the merits.")  In addition, the California Supreme Court ruled that:

> Claim 20 also is barred to the extent it repeats claims made in petitioner's first petition for writ of habeas corpus.  (In re Miller (1941) 17 Cal. 2d 734, 735.)  To the extent this claim asserts ineffective assistance appellate counsel, it also is barred as untimely (In re Robbins, supra,18 Cal. 4th at p. 780) and successive (In re Clark, supra, 5 Cal. 4th at pp. 767-768).

Id.

### D.  Discussion

#### 1. Claim 3

This case involves at least two Townsend factors:  "the state factual determination is not fairly supported by the record as a whole" and "the fact-finding procedure employed by the state court was not adequate to afford a full and fair hearing."  Townsend, 372 U.S. at 313.  Petitioner's state habeas petition was summarily dismissed.  See Taylor v. Maddox, 366 F.3d 992, 1000-01

---

[4]  Petitioner states that subclaim 3(f) was also denied as untimely, citing the state court's denial of claim 4(c) as untimely.  (ECF No. 153 at 13.)  But petitioner also states that subclaim 3(f) was raised in the state court petition as Claim 4(d), which is not specifically referenced in the June 24, 2009 order by the California Supreme Court.

(9th Cir. 2004) (federal courts applying AEDPA cannot defer to state court's view of facts where state court does not make findings), cert. denied, 543 U.S. 1038 (2004). The unexplained summary denial of the state habeas petition by the California Supreme Court does not contain implicit factual findings subject to a presumption of correctness. Fisher v. Roe, 263 F.3d 906, 913 (9th Cir. 2001), overruled in part on an unrelated point in Payton v. Woodford, 346 F.3d 1204, 1218 n.18 (9th Cir. 2003) (en banc). The Court finds an evidentiary hearing is justified in this case based on the same factors the Court considered above in finding the state court's factual determinations unreasonable under § 2254(d).

Both Ninth Circuit and United States Supreme Court decisions emphasize the importance of evidentiary hearings in habeas corpus proceedings where the state court failed to hold its own evidentiary hearings or otherwise permit the factual development of claims. See, e.g., Taylor v. Maddox, 366 F.3d at 999-1000 (citing Wiggins v. Smith, 539 U.S. 510 (2003), and Ninth Circuit cases).

An evidentiary hearing is important to ensure an adequate factual record, and provide for meaningful appellate review. This is particularly true when addressing mitigation evidence at the penalty phase. "It is imperative that all relevant mitigating information be unearthed for consideration at the capital sentencing phase." Caro v. Calderon, 165 F.3d 1223, 1227 (9th Cir. 1999). The focus of the penalty phase of trial differs from the guilt phase. See id. ("The determination of whether to impose a death sentence is not an ordinary legal determination which turns on the establishment of hard facts.") (citation omitted); see also Wallace v. Stewart, 184 F.3d 1112, 1117 n.5 (9th Cir. 1999) ("[T]he lawyer's burden might differ at the guilt phase from that at the penalty phase. . . "), cert. denied, 528 U.S. 1105 (2000). "Even where the sentencer is aware of facts underlying the defendant's mitigation case, trial counsel may not necessarily rest on these facts." Stanley v. Schriro, 598 F.3d 612, 624 (9th Cir. 2010) (citing Caro, 165 F.3d at 1227 (clarifying that although the jury had information regarding the defendant's background, it did not "have the benefit of expert testimony to explain the ramifications of [this background] on Caro's behavior"). While evidence of mental illness may not provide a legal defense, "where counsel is on notice that his client may be mentally impaired, counsel's failure to investigate his

client's mental condition as a mitigating factor in a penalty phase hearing, without a supporting strategic reason, constitutes deficient performance." Wallace, 184 F.3d at 1117 (quoting Hendricks v. Calderon, 70 F.3d 1032, 1043 (9th Cir. 1995), cert. denied, 517 U.S. 1111 (1996).

In Wallace, the court noted that failure to conduct an evidentiary hearing precluded disposition of the claim. "Because there was no hearing, the State did not have an opportunity to cross-examine Wallace's affiants, or to present evidence of its own." Id. at 1118. "However, were the district court to accept all of Wallace's evidence, it could find that Wallace's lawyers were ineffective, and conclude that 'there is a reasonable probability that the death sentence would not have been imposed' had they been effective." Id. (quoting Hendricks, 70 F.3d at 1044 (9th Cir. 1995)).

In conclusion, the record reflects that petitioner established a clear prima facie case of ineffective assistance of trial counsel during the penalty phase on the grounds asserted in Claim 3 and its subclaims. (ECF No. 119 at 55-56; id. at 96); see Wallace, 184 F.3d at 1118. The Court finds that petitioner did not fail to develop the evidence of ineffective assistance of counsel in state court, and therefore is not subject to 28 U.S.C. § 2254(e)(2). See Shinn, 596 U.S. at 382. Finally, petitioner meets at least two of the Townsend factors. See Townsend, 372 U.S. at 313. Accordingly, this Court recommends that the district court exercise its discretion and find that petitioner is entitled to an evidentiary hearing on the ineffective assistance of counsel subclaims (a) through (g) in Claim 3. It does not appear that Claim 3(h) (cumulative prejudice) is suited to an evidentiary hearing and therefore Claim 3(h) should be addressed in post-evidentiary hearing briefing.

*2. Claim 34*

As described above, petitioner is not entitled to an evidentiary hearing on the ineffective assistance of appellate counsel claim prong of Claim 34. See Shinn, 596 U.S. at 382 ("under § 2254(e)(2), a federal habeas court may not conduct an evidentiary hearing or otherwise consider evidence beyond the state-court record based on ineffective assistance of state postconviction counsel"). Thus, this Court recommends that the district court deny the request for evidentiary hearing as to the ineffective assistance of appellate counsel claim prong of Claim 34.

As to the habeas counsel claim prong of Claim 34, petitioner did not fail to develop in state court any of the facts he seeks to present in support of the ineffective assistance of habeas counsel arguments in Claim 34.  However, petitioner failed to provide authority for this Court to hold an evidentiary hearing for petitioner to establish "cause" to overcome procedural bars.  In addition, petitioner failed to identify what factual disputes as to "cause" require an evidentiary hearing.  Thus, petitioner's motion should be denied without prejudice as to Claim 34 and he should be granted leave to file a second motion for an evidentiary hearing as to the habeas counsel claim prong of Claim 34, which he filed on October 28, 2025.  This case should be referred back to the undersigned for consideration of the second motion.

III.    REQUEST TO EXPAND THE RECORD

Petitioner seeks to expand the record with multiple exhibits appended to the petition. Respondent does not oppose the request to expand the record, but reserves the right to challenge the admissibility of petitioner's exhibits, and litigate any evidentiary issues at the hearing. Petitioner's unopposed motion to expand the record should be granted, subject to respondent's reservation.  See Lopez v. Attorney General for Nevada, 845 F. App'x 549, 554 n.3 (9th Cir. 2021).

IV.    RECOMMENDATIONS

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  Petitioner's request to expand the record be granted, subject to respondent's reservation.

2.  Petitioner's motion for evidentiary hearing (ECF No. 153) be granted in part and denied in part; the motion for evidentiary hearing as to the ineffective assistance of counsel subclaims (a) through (g) in Claim 3 be granted, and denied as to subclaim (h) in Claim 3; the motion for evidentiary hearing on the ineffective assistance of appellate counsel claim prong of Claim 34 be denied; and the motion for evidentiary hearing as to the habeas counsel claim prong of Claim 34 be denied without prejudice, and petitioner be granted leave to file a second motion for an evidentiary hearing as to the habeas counsel claim prong of Claim 34, which he filed on October 28, 2025.

3. This matter be referred back to the undersigned for consideration of the second motion for evidentiary hearing (ECF No. 166).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  January 28, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/corn0705.1mEH.157

14